**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No. 6:20-cv-00128-ADA-JCM |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT GOOGLE LLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND ................................................................................. 3

    A.    CyWee's Infringement Lawsuits ................................................................ 3

    B.    Google's IPR Petitions Before the PTAB .................................................. 3

    C.    CyWee's Unsuccessful Motion to Terminate the IPR ................................ 4

    D.    CyWee's Fraud Claim Recycles the Same Allegations the PTAB Rejected ........ 7

III.    LEGAL STANDARD .......................................................................................... 8

IV.    THIS COURT LACKS PERSONAL JURISDICTION IN THIS CASE ......................... 9

    A.    The Court Lacks General Personal Jurisdiction ........................................ 9

    B.    The Court Lacks Specific Personal Jurisdiction ...................................... 10

V.    CYWEE'S FRAUD CLAIM IS PREEMPTED UNDER *BUCKMAN* ........................... 12

VI.    ISSUE PRECLUSION BARS CYWEE FROM RE-LITIGATING THE PARTY-IN-INTEREST ISSUE UNDERLYING THE FRAUD CLAIM .................................... 13

VII.    CYWEE HAS FAILED TO PLEAD KEY ELEMENTS OF ITS FRAUD CLAIM ...... 17

    A.    No Actionable False Representation .................................................... 17

    B.    No Reliance ...................................................................................... 18

    C.    No Injury Caused by Google's Party-In-Interest Representations ..................... 19

VIII.    CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Abbott Labs. v. Brennan*,
  952 F.2d 1346 (Fed. Cir. 1991) ........................................................................... 13

*Applications in Internet Time v. RPX*,
  897 F.3d 1336 (Fed. Cir. 2018) ............................................................................. 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 8, 18

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
  2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) .......................................................... 4

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
  575 U.S. 138 (2015) .......................................................................... 2, 14, 15, 16

*Brodsky v. Match.com, LLP*,
  2010 WL 3895513 (N.D. Tex. Sept. 30, 2010) ................................................ 18, 19

*Buckman v. Plaintiff's Legal Comm.*,
  531 U.S. 341 (2001) ................................................................................... 1, 12

*Budri v. FirstFleet Inc.*,
  2019 WL 5587181 (N.D. Tex. Sept. 20, 2019) ....................................................... 4

*C-Cation Tech. v. Time Warner*,
  2017 WL 6498072 (E.D. Tex. Dec. 19, 2017) ....................................................... 14

*Chatmon v. W. Tex. Counseling & Rehab.*,
  2015 WL 13544782 (N.D. Tex. Dec. 1, 2015) ...................................................... 20

*Chaudhary v. Chubb & Son*,
  2018 WL 8966965 (S.D. Tex. Dec. 20, 2018) ......................................................... 9

*Collins v. Doe*,
  2012 WL 1414246 (S.D. Tex. Apr. 23, 2012) ......................................................... 8

*Comer v. Murphy Oil USA, Inc.*,
  718 F.3d 460 (5th Cir. 2013) .............................................................................. 16

*Cox v. Bank of Am., N.A.*,
  2017 WL 1622043 (S.D. Tex. May 2, 2017) ......................................................... 16

*CyWee Grp. Ltd. v. Google LLC*,
  Case Nos. 20-1565 & 20-1567 (Fed. Cir.) ........................................................... 13

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .................................................................................... 1, 10

### TABLE OF AUTHORITIES
#### (continued)

Page

*Diais v. Land Rover Dallas*,
2016 WL 1298392 (Tex. Ct. App. Apr. 4, 2016) ................................................... 17

*Federated Dep't Stores Inc. v. Moitie*,
452 U.S. 394 (1981) ............................................................................................ 14

*Fina Supply, Inc. v. Abilene Nat'l Bank*,
726 S.W.2d 537 (Tex. 1987) ............................................................................... 18

*Ford v. NYL Care Health Plans*,
301 F.3d 329 (5th Cir. 2002) ............................................................................... 20

*Futrell v. JPMorgan Chase Bank*,
2019 WL 3948222 (N.D. Tex. July 29, 2019) ................................................ 17, 19

*Gambino v. Koonce*,
757 F.3d 604 (7th Cir. 2014) ............................................................................... 15

*Gooden v. Mackie*,
2020 WL 714291 (S.D. Tex. Jan. 23, 2020) ...................................................... 4, 8

*Hacienda Records, L.P. v. Ramos*,
718 F. App'x 223 (5th Cir. 2018) ........................................................................ 14

*Halliburton Energy Servs. v. Ironshore Specialty Ins. Co.*,
921 F.3d 522 (5th Cir. 2019) ............................................................................... 11

*Head v. Las Vegas Sands*,
298 F. Supp. 3d 963 (S.D. Tex. 2018) .............................................................. 9, 10

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) .............................................................................................. 10

*In re Keaty*,
397 F.3d 264 (5th Cir. 2005) ............................................................................... 15

*Jackson v. Select Portfolio Serv.*,
2017 WL 4005602 (N.D. Tex. Aug. 8, 2017) ...................................................... 17

*LCS Grp., LLC v. Shire LLC*,
2019 WL 1234848 (S.D.N.Y. Mar. 8, 2019) .............................................. 2, 12, 13

*Lockwood v. Sheppard, Mullin, Richter & Hampton*,
2009 WL 9419499 (C.D. Cal. Nov. 24, 2009) ........................................... 2, 12, 13

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ............................................................................................ 20

# TABLE OF AUTHORITIES
## (continued)

Page

*Mai Larsen Design v. Want2Scrap, LLC*,
2019 WL 2343019 (W.D. Tex. June 3, 2019) ........................................................ 17

*Matter of Scarbrough*,
836 F.3d 447 (5th Cir. 2016) ................................................................................. 15

*Mattlage v. Dividend Solar Fin.*,
2019 WL 7879962 (W.D. Tex. Oct. 2, 2019) ........................................................... 8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ................................................................................. 11

*Reactive Surfaces Ltd. v. Toyota Motor Corp.*,
2015 WL 4876810 (W.D. Tex. Aug. 13, 2015) ........................................................ 13

*RecoverEdge L.P. v. Pentecost*,
44 F.3d 1284 (5th Cir. 1995), *overruled on other grounds as recognized by In
re Ritz*, 832 F.3d 560 (5th Cir. 2016) ........................................................ 14, 15, 16

*Sangha v. Navig8 ShipManagement*,
882 F.3d 96 (5th Cir. 2018) ............................................................................ 10, 11

*Schoen v. Underwood*,
2011 WL 13238322 (W.D. Tex. July 18, 2011) ...................................................... 20

*Soloman v. Crowley Mar. Corp.*,
2019 WL 5698421 (S.D. Tex. Oct. 17, 2019) ...................................................... 9, 10

*Stanley v. Wal-Mart Stores, Inc.*,
839 F. Supp. 430 (N.D. Tex. 1993) ....................................................................... 19

*Starrett v. Lockheed Martin Corp.*,
2018 WL 10345320 (N.D. Tex. Mar. 9, 2018) ........................................................ 20

*Taub v. Hous. Pipeline*,
75 S.W.3d 606 (Tex. Ct. App. 2002) ...................................................................... 18

*Timmons v. Special Ins. Servs.*,
984 F. Supp. 997 (E.D. Tex. Nov. 13, 1997), *aff'd*, 167 F.3d 537 (5th Cir.
1998) ...................................................................................................................... 16

*Trevino v. Bank of N.Y. Mellon*,
2013 WL 12120979 (W.D. Tex. June 13, 2013) ................................................ 17, 18

*Williams v. WMX Tech.*,
112 F.3d 175 (5th Cir. 1997) ................................................................................. 17

# TABLE OF AUTHORITIES
### (continued)

**Page**

**STATUTES**

28 U.S.C. § 1406(a) ........................................................................................................ 8

28 U.S.C. §§ 1391(b)(1), (c)(2) ...................................................................................... 12

35 U.S.C. § 312(a)(2) ..................................................................................................... 4

35 U.S.C. § 315(b) ............................................................................................. 1, 4, 15, 16

35 U.S.C. §§ 311-319 ..................................................................................................... 3

Tex. Civ. Prac. & Rem. Code § 17.042 ......................................................................... 9

**OTHER AUTHORITIES**

Restatement (Second) of Judgments .......................................................................... 14, 15

**RULES**

Fed. R. Civ. P. 12(b)(1 ................................................................................................... 20

Fed. R. Civ. P. 12(b)(2) .............................................................................................. 8, 12

Fed. R. Civ. P. 12(b)(3) .............................................................................................. 8, 12

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 8

Fed. R. Civ. P. 9(b) ................................................................................................... 17, 18

## I.    INTRODUCTION

Plaintiff CyWee Group Ltd.'s ("CyWee") lone claim for common law fraud against Google LLC ("Google") should be dismissed as a baseless attempt to re-litigate—in a forum with no connection to the dispute—patent issues that were already conclusively rejected by the Patent Trial and Appeal Board ("PTAB").   Stripped of its hyperbole and irrelevant allegations, the First Amended Complaint ("FAC") turns on a single narrow premise: that Google, in petitioning the PTAB for inter partes review ("IPR") of two CyWee patents, allegedly failed to disclose LG Electronics Inc. ("LG") and Samsung Electronics Co. ("Samsung") as "parties-in-interest" to avoid its petition being time-barred under 35 U.S.C. § 315(b).   But CyWee already made this argument and lost.   It litigated this *identical* issue unsuccessfully in a trial before the PTAB, and its ploy to pursue a different outcome here fares no better.   CyWee's fraud claim fails as a matter of law for myriad independently dispositive reasons.

*No Personal Jurisdiction.* As a threshold matter, this Court has no personal jurisdiction based on the allegations in the FAC.   The Court lacks general personal jurisdiction under Supreme Court precedent because Google is neither formed nor headquartered—and thus is not "at home"— in Texas.   *Daimler AG v. Bauman*, 571 U.S. 117 (2014).   And the Court lacks specific personal jurisdiction because Texas has no meaningful (or any) relationship to this lawsuit—neither party is Texas-based, and the conduct in the IPR that supposedly gives rise to CyWee's fraud allegation occurred in PTAB proceedings nowhere near Texas.

*Federal Preemption.*   Even if the Court had jurisdiction, CyWee's fraud claim is federally preempted under *Buckman v. Plaintiff's Legal Comm.*, 531 U.S. 341, 347-48 (2001).   In *Buckman*, the Supreme Court held that the "relationship between a federal agency and the entity it regulates is inherently federal in character" and thus state tort "fraud-on-the-agency" claims are preempted. *Id.*   Federal courts have consistently applied *Buckman* to hold that state-law fraud claims based on

alleged misconduct in IPR proceedings before the PTAB, such as CyWee's, are preempted.  *E.g.*, *LCS Grp., LLC v. Shire LLC*, 2019 WL 1234848 (S.D.N.Y. Mar. 8, 2019); *Lockwood v. Sheppard, Mullin, Richter & Hampton*, 2009 WL 9419499 (C.D. Cal. Nov. 24, 2009).

**Collateral Estoppel.**  CyWee is also barred as a matter of law by collateral estoppel—or issue preclusion—from re-litigating the "party-in-interest" issue underlying its fraud claim.  When an issue of fact or law was litigated in a prior action, and determination of that issue was necessary to the judgment by a court or administrative body like the PTAB, a party is precluded from contesting that issue again.  *E.g.*, *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138 (2015). As the Supreme Court put it: a "losing litigant deserves no rematch after a defeat fairly suffered." *Id.* at 147-48.  In a motion to terminate the IPR, CyWee fully and vigorously argued that LG and Samsung were undisclosed parties-in-interest, which would have rendered Google's petition time-barred.  The PTAB carefully considered CyWee's arguments and the evidence it submitted, and resoundingly rejected its motion, making the necessary threshold finding that LG and Samsung were ***not*** parties-in-interest under governing patent law. That ruling is conclusive here and compels dismissal of CyWee's fraud claim.

**No Fraud.**  Finally, CyWee did not (and could not) plead essential elements of its fraud claim.  First, CyWee has pled no actionable "false" statement of fact, because its fraud claim is premised on Google's *opinion* about the legal status of LG and Samsung.  Opinions, including those based on an application of the law to the facts (as here), cannot support a fraud claim. Second, CyWee cannot possibly—let alone plausibly—show reliance on Google's party-in-interest disclosures; to the contrary, CyWee admits it conducted its own investigation and contested Google's disclosures in its unsuccessful motion to terminate the IPR.  That CyWee may disagree with the PTAB's ruling does not mean it relied on Google's disclosures.  Third, for similar reasons, CyWee cannot show that Google's alleged omission of LG and Samsung from its IPR

petition *caused* any purported injury, as that omission was raised and fully resolved in relation to CyWee's motion to terminate.  Absent a plausible false representation, reliance, and an injury caused by Google, CyWee's fraud claim is doomed from the outset.

In short, this litigation should end.  CyWee's fraud claim is a meritless—indeed frivolous—attempt to improperly circumvent the PTAB's judgment and get another "bite at the apple."  The Court should reject such tactics.  Because the deficiencies in CyWee's FAC are, on their face, incurable by amendment, dismissal with prejudice is required.

## II.     FACTUAL BACKGROUND

### A.     CyWee's Infringement Lawsuits

CyWee is a Taiwanese company that was granted two patents—U.S. Patent Nos. 8,441,438 ("'438 patent") and 8,552,978 ("'978 patent," and together, the "CyWee Patents")—related to motion-sensing technology.  FAC ¶¶ 2, 10-11.  Dating back to 2014, CyWee has sued various entities for infringement of the CyWee Patents.  The first of those lawsuits was filed against Apple Inc. in April 2014 and settled and dismissed in February 2017.  *Id.* ¶ 34.  CyWee also allegedly served Samsung with a complaint for infringement of the CyWee Patents in the Eastern District of Texas on February 23, 2017, served LG with a complaint in the Southern District of California on June 7, 2017, and served Huawei Technologies Co. with a complaint in the Eastern District of Texas on June 14, 2017.  *Id.* ¶¶ 34-35.  CyWee then waited almost a year, until April 2018, to serve Google with an infringement complaint in the District of Delaware.  *Id.* ¶ 36

### B.     Google's IPR Petitions Before the PTAB

On June 14, 2018—less than two months after CyWee brought suit in Delaware—Google filed its IPR petitions to invalidate the CyWee Patents.  *Id.* ¶ 45.  The IPR process was established under the Leahy-Smith America Invents Act and creates a mechanism for petitioners (like Google) to challenge the validity of a patent.  35 U.S.C. §§ 311-319; FAC ¶¶ 26, 29.  A petition for IPR is

time-barred if "the petition requesting the proceeding is filed more than [one] year after the date

on which the petitioner [or] real party in interest … is served with a complaint alleging

infringement of the patent" at issue.  35 U.S.C. § 315(b); FAC ¶ 39.  An IPR petition must disclose

any "real party in interest" as set forth in § 315(b).  35 U.S.C. § 312(a)(2); FAC ¶ 39.  In December

2018, the PTAB instituted review proceedings, finding Google had shown a reasonable likelihood

that it would prevail with respect to the claims challenged in the IPR petition.  *See* Ex. A at 2.

### C.      CyWee's Unsuccessful Motion to Terminate the IPR

In July 2019, following institution, CyWee filed a "motion to terminate" Google's IPR

petition based on the same accusations it now asserts in the FAC—i.e., that the petition was time-

barred under 35 U.S.C. § 315(b) because LG and Samsung were "parties in interest."  *See* Ex. A,

PTAB Final Written Decision dated Jan. 9, 2020, at 11-40.[1]  In support of its motion to terminate,

CyWee obtained discovery and submitted alleged evidence that, in its view, established LG and

Samsung were parties-in-interest.  *Id.* at 14-15 (PTAB "authorized [CyWee] to submit additional

evidence supporting the Motion to Terminate").[2]  After reviewing CyWee's arguments and

evidence, the PTAB denied CyWee's motion, holding LG and Samsung were ***not*** "parties in

---

[1] Judicial notice of the PTAB's Final Written Decision, which is attached as **Exhibit A** to Google's concurrently filed Motion for Leave to File Under Seal, is appropriate because its authenticity cannot be questioned and because it (and the PTAB proceeding as a whole) is referenced and relied on in the FAC and central to CyWee's fraud claim.  *E.g.*, *Gooden v. Mackie*, 2020 WL 714291, at *5 (S.D. Tex. Jan. 23, 2020) (courts may "take judicial notice of public documents, and may also consider documents a defendant attaches to its motion if the documents are referenced in the plaintiff's complaint and central to the plaintiff's claims"); *Budri v. FirstFleet*, 2019 WL 5587181, at *8-9 (N.D. Tex. Sept. 20, 2019) (considering on motion to dismiss administrative ruling and state court "case file"); *Atlas IP LLC v. Pac. Gas & Elec.*, 2016 WL 1719545, at *1 n.1 (N.D. Cal. Mar. 9, 2016); FAC ¶ 50.

[2] CyWee obtained the evidence in connection with its discovery requests in a related IPR by ZTE challenging one of the CyWee Patents.  Ex. A at 14.  CyWee also moved for additional discovery in Google's IPR, but the PTAB denied that motion as overbroad, not "in the interests of justice," and untimely.  *Id.*; *contra* FAC ¶ 41 (alleging that "Google refused to provide any discovery," but not mentioning that the PTAB denied CyWee's discovery requests).

interest" and the "Petition [was] not time-barred under 35 U.S.C. § 315(b)."  Ex. A at 36-37.

The PTAB explained that whether an entity is a "party in interest" under patent law is a fact-dependent question that "demands a flexible approach" based on a variety of "equitable and practical considerations" about who "will benefit from the [IPR] redress" and whose interests are being represented.  *Id.* at 16-17 (citing PTAB authority and *Applications in Internet Time v. RPX*, 897 F.3d 1336 (Fed. Cir. 2018)).  Relevant factors include whether the purported party-in-interest "exercised or could have exercised control over the proceeding" or "funded the proceeding," and its "relationship with the petitioner" or with "the petition itself."  *Id.*  CyWee had unsuccessfully argued—as it does again here (FAC ¶¶ 42, 46)—that the evidence showed that Google had a "pre-existing established relationship with LG [and] Samsung" such that they were parties-in-interest.  Ex. A at 17.  The PTAB rejected each of CyWee's arguments.  For example:

- **Google's Pixel 2 XL Device:** CyWee argued LG's manufacture of the Google Pixel 2 XL device rendered LG a party-in-interest.  Ex. A at 20-23.  But the PTAB held that the evidence did not suggest that Google's petition was representing LG's interests based on the Pixel 2 XL or that "LG is a real party in interest in th[e] proceeding."  *Id.*

- **LG's Disclosures:** CyWee argued that LG's statements in *separate later-filed IPRs* and in its later-filed joinder related to Google's IPR (identifying Google and certain LG affiliates as parties-in-interest to *those separate petitions*) were proof that Google should have listed LG as a party-in-interest in *Google's IPR*.  *Id.* at 18-20.  The PTAB, however, reviewed the context of LG's statements and did "not agree that LG's statements suggest LG was a real party in interest with respect to *Google's Petition*."  *Id.* (emphasis added).

- **The Android Operating System:** CyWee argued that Google making its Android operating system (OS) available to Samsung and LG rendered them parties-in-interest.  Ex.

A at 24. The PTAB rejected that argument, holding that "the presence of the Android [OS] in the accused devices" did not suggest that LG and Samsung were "parties in interest." *Id.* at 25.

- **Indemnity Agreements:** CyWee argued that Google had agreements with Samsung and LG "contain[ing] indemnification provisions for applications running on the Android OS and for Android-based devices." Ex. A at 26-27. But the PTAB held that these agreements were not relevant to the issues in CyWee's lawsuits against Samsung and LG and did not establish any party-in-interest relationship. *Id.*

- ███████████████████████ *Bachmann* **Reference:** CyWee argued that Google shared "a common litigation interest" with LG and Samsung because they all "stand[] to benefit from [Google's IPR petition]," and ████████████████████████████ supposedly rendering them "parties in interest." Ex. A at 33. But the PTAB held "the mere existence, or timing, ███████████████ does not prove party-in-interest status. It also rejected CyWee's "common litigation interest" claim based on the premise that Google's IPR was a "proxy" for Samsung to re-litigate the validity of CyWee's patents "with respect to the *Bachmann* [prior art] reference." *Id.* In particular, CyWee argued that *Bachmann* was first raised by Samsung as prior art in its defense to CyWee's infringement lawsuit in the district court, but was subsequently dropped to allow Google to assert *Bachmann* in its IPR petition. *Id.* The PTAB held this speculation was unfounded, as "the evidence does not suggest Google [was] acting as Samsung's proxy to relitigate the Bachmann reference. Indeed, Samsung's choice to drop Bachmann as a prior-art reference, despite Google's choice to assert it in its Petition, is strong evidence that Google was not representing Samsung's interest." *Id.* at 33-35.

Finally, the PTAB noted that Google's uncontested representations further undermined CyWee's belief that LG and Samsung were parties-in-interest, including that (1) Google did not seek IPR on behalf of LG or Samsung, (2) neither LG nor Samsung "directed, funded, or controlled" the IPR proceeding or Google's petition, (3) Google solely determined the grounds for its petition and sought no input from LG or Samsung, and ██████████████████████████████████ ██████████████████████████████████████████████████. *Id*. at 35-37.  Based on all the evidence, the PTAB held "LG [and] Samsung are not real parties in interest" and Google's petition was "not time-barred under 35 U.S.C. § 315(b)." *Id.*

### D.    CyWee's Fraud Claim Recycles the Same Allegations the PTAB Rejected

The FAC simply repackages CyWee's unsuccessful motion to terminate.  In the FAC, CyWee accuses Google of fraud for omitting two alleged "parties in interest"—LG and Samsung—from its June 14, 2018 IPR petition challenging the CyWee Patents, supposedly to avoid its petition being time-barred.  FAC ¶¶ 29, 39, 43-45, 47.  CyWee alleges Google "was required to file any IPR petition by February 28, 2018—one year after Samsung, a real party-in-interest with Google, was served with a complaint alleging infringement of the CyWee patents," or alternatively by June 7, 2018, one year after LG was served with a complaint.  *Id*. ¶¶ 43-44. The FAC also alleges Google failed to produce material that, according to CyWee, was "inconsistent" with Google's party-in-interest disclosures; but the material CyWee cites (*e.g.*, *id.* ¶¶ 40-41) was expressly found by the PTAB not to be inconsistent with Google's disclosures, and, in any event, was obtained by CyWee through separate discovery.  Ex. A at 11-37.

Indeed, the factual "support" for CyWee's fraud claim mirrors—sometimes verbatim—the evidence and arguments that the PTAB expressly rejected.  For example, CyWee parrots the same allegations related to: ██████████████████████████████████████████ (2) LG's own statements in its joinder "to the Google IPR petition" (*id.* ¶ 46); (3) LG's manufacture

of the "Google Pixel 2 XL" device (*id.* ¶ 42); (4) Google's "agreements" with LG and Samsung related to the Android OS (*id.* ¶ 41); (5) "indemnity provisions" between Google and Samsung (*id.*); and (6) Google's common litigation interest with respect to "*Bachmann* as potentially invalidating prior art" (*id.* ¶¶ 48-49). Thus, CyWee is merely asking this Court for a different result based on the same arguments the PTAB already squarely rejected.[3]

## III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mattlage v. Dividend Solar Fin.*, 2019 WL 7879962, at *1-2 (W.D. Tex. Oct. 2, 2019) (Manske, J.). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* On a motion to dismiss, courts "may consider documents a defendant attaches" to its motion "if the documents are referenced in the plaintiff's complaint and central to the plaintiff's claims." *E.g.*, *Gooden*, 2020 WL 714291, at *5; *supra* n.1.

A complaint may also be dismissed under Rules 12(b)(2) and 12(b)(3) where the Court lacks personal jurisdiction and venue is improper. Under Rule 12(b)(2), plaintiffs must offer facts "sufficient to support personal jurisdiction." *Collins v. Doe*, 2012 WL 1414246, at *3 (S.D. Tex. Apr. 23, 2012). Likewise, under Rule 12(b)(3), plaintiffs have "the burden to prove that the chosen venue is proper." *Id.* For both, the Court may "examine facts outside the complaint" to assess whether jurisdiction and venue are proper. *Id.* If venue is improper, a court "may dismiss the case or transfer it to any district where venue is proper." *Id.*; 28 U.S.C. § 1406(a).

A court may properly dismiss a complaint with prejudice where, as here, the deficiencies

---

[3] The FAC also makes numerous inaccurate and prejudicial allegations about Google (*e.g.*, FAC ¶¶ 13-28, 30-33), but those allegations are irrelevant to the narrow fraud claim tied to Google's party-in-interest disclosures in the IPR.

are "incurable" and amendment "would be futile." *E.g.*, *Chaudhary v. Chubb & Son*, 2018 WL 8966965, at *4 (S.D. Tex. Dec. 20, 2018).

## IV.   THIS COURT LACKS PERSONAL JURISDICTION IN THIS CASE

As a threshold matter, dismissal is warranted under Rule 12(b)(2) because the Court lacks personal jurisdiction in this case.[4]  For personal jurisdiction to exist over a non-resident like Google (FAC ¶ 3), the Texas long-arm statute (Tex. Civ. Prac. & Rem. Code § 17.042) must confer jurisdiction and such jurisdiction must not violate the due process clause of the Fourteenth Amendment.  *E.g.*, *Head v. Las Vegas Sands*, 298 F. Supp. 3d 963, 969-70 (S.D. Tex. 2018). Because the Texas long-arm statute is co-extensive with the Fourteenth Amendment, the inquiry "reduces to only the federal due process analysis."  *Soloman v. Crowley Mar. Corp.*, 2019 WL 5698421, at *1 (S.D. Tex. Oct. 17, 2019)*.*  To satisfy due process, CyWee must prove that Google (1) "purposefully availed itself of Texas' benefits and protections" by establishing "minimum contacts" with Texas, and (2) "exercising jurisdiction will not offend traditional notions of fair play and substantial justice."  *Id.*  The first prong—minimum contacts—can be shown in two ways: general jurisdiction or specific jurisdiction.  *Id.*  Neither is present here and thus jurisdiction does not exist, regardless of the second prong of the inquiry.

### A.   The Court Lacks General Personal Jurisdiction

CyWee cannot establish this Court's general jurisdiction in this case.  General jurisdiction is "incredibly hard" to satisfy and exists only if Google's "contacts with [Texas] are so extensive and substantial" as to render Google effectively "at home" in Texas.  *Head*, 298 F. Supp. 3d at 971-72. The Supreme Court has made clear that, absent an "exceptional" case, entities like Google are "at home" ***only*** in "their state of incorporation and the state of their princip[al] place of

---

[4] To be clear, Google's position is not that Texas courts lack jurisdiction over Google in ***all*** cases, only that such jurisdiction is lacking on the facts of ***this*** case.

business." *Id.*; *Daimler*, 571 U.S. at 139, 140 n.19. An entity's "principal place of business" is its headquarters or "nerve center," where its "officers direct, control, and coordinate the corporation's activities." *Soloman*, 2019 WL 5698421, at *3 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)). It is not enough for general jurisdiction that an entity "engages in a substantial, continuous, and systematic course of business" in a particular forum. *Daimler*, 571 U.S. at 137. In the FAC, CyWee does not even contend that general jurisdiction exists here—for good reason: Google is neither formed in Texas nor has its principal place of business here. FAC ¶ 3. As CyWee admits, Google is a Delaware limited liability company with its headquarters in Mountain View, California. *Id.* Thus, Google is not subject to general jurisdiction in Texas.

### B.    The Court Lacks Specific Personal Jurisdiction

CyWee likewise cannot establish specific jurisdiction in this case. Specific jurisdiction exists only if a "cause of action"—here, the fraud claim—"arises out of or is related to" Google's contacts with Texas. *Sangha v. Navig8 ShipManagement*, 882 F.3d 96, 101 (5th Cir. 2018). Specific jurisdiction requires Google to have "purposefully directed its activities at [Texas] and the litigation results from alleged injuries that arise out of or are related to those activities." *Id.* The inquiry "focuses on the relationship among the defendant, the forum, and the litigation," and "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 101-03.

Here, no facts in the FAC even remotely suggest Google is subject to specific jurisdiction in this Court. CyWee's fraud claim is premised entirely on Google's alleged omission of LG and Samsung as parties-in-interest in its IPR petitions filed with the PTAB in Virginia, and none of the events related to those proceedings occurred in Texas. *E.g.*, FAC ¶¶ 45, 52. Google's lead counsel involved in the IPR also are located outside of Texas. *See* Ex. A at 117 (Google outside counsel at Smith Baluch LLP in California and Washington, D.C.). There is **no** connection between

CyWee's allegations in the FAC and Texas to establish that Google "purposefully directed" its contested activities to this forum.

CyWee's claim of specific jurisdiction rests entirely on allegations that "Google does business in the State of Texas and is believed to have committed a tort in whole or in part within the State of Texas" and that "this suit arises, at least in part, from Google's contacts with Texas," which allegedly include "(i) directing its fraudulent misrepresentations to Texas, (ii) knowing and intentionally injecting itself into litigation pending in the State of Texas, and (iii) conspiring with Texas based entities Huawei and ZTE." FAC ¶ 5. These boilerplate assertions are insufficient. As noted above, "doing business in Texas" cannot confer specific jurisdiction, unless that "business" is tied to the asserted cause of action and injury—here, it is not and CyWee does not assert otherwise. And CyWee's bare assertions that Google "is believed" to have "committed a tort in whole or in part in Texas" and that the lawsuit "arises, at least in part, from Google's contacts with Texas," are prime examples of "conclusory allegations" that cannot confer jurisdiction. *E.g.*, *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001) (courts should not "credit conclusory allegations, even if uncontroverted," including those made "on information and belief," in specific jurisdiction analysis); *Sangha*, 882 F.3d at 102.

CyWee's three cited Texas "contacts" similarly fail to establish specific jurisdiction. *First*, the supposed "misrepresentations" in Google's IPR petition were not directed to Texas, as CyWee suggests, but rather to the PTAB in Virginia. FAC ¶ 5. *Second*, CyWee's claim that Google "inject[ed] itself" into unspecified "litigation pending in the State of Texas" (*id.*) cannot establish specific jurisdiction, as CyWee never identifies any such litigation, let alone how that litigation was connected to the fraud allegations in the FAC. Moreover, defending itself in a lawsuit, even if in Texas, does not automatically subject Google to the Court's jurisdiction. *See Halliburton Energy Servs. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 541 (5th Cir. 2019). *Third*, even if

Google "conspir[ed]" with Huawei and ZTE (FAC ¶ 5)—it did not—neither entity is a party in this case or otherwise alleged to have a connection to CyWee's fraud claim.  Because CyWee has not shown sufficient contacts with Texas, this Court lacks personal jurisdiction.  Dismissal under Rule 12(b)(2) is appropriate.[5]

## V.   CYWEE'S FRAUD CLAIM IS PREEMPTED UNDER *BUCKMAN*

 Even if personal jurisdiction existed, CyWee's common law fraud claim under Texas law, based on Google's alleged omission of LG and Samsung in its IPR petition (*e.g.*, FAC ¶ 52), is federally preempted under the seminal case *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).  In *Buckman*, the Supreme Court held that "the relationship between a federal agency and the entity it regulates is inherently federal in character," and that state tort "fraud-on-the-FDA" claims are "impliedly preempted by federal law."  *Id.* at 347-48.  Based on the principles in *Buckman*, courts across the country have rejected similar claims to the one here, based on allegations of "fraud" in an IPR.

For example, just last year, a federal court agreed that the "filing of [an] IPR petition is not a harm that can be remedied by a fraud claim because such a claim is preempted by federal patent law."  *LCS Grp.*, 2019 WL 1234848, at *6 (citing *Buckman* and dismissing fraud claim with prejudice).  The court held, on similar facts as here, that the "fraud claims based on the IPR petition are, therefore, preempted by federal patent law."  *Id.*  Other federal courts have applied *Buckman* to hold state tort claims based on allegedly fraudulent patent re-examination in the Patent and Trademark Office (PTO)—like an IPR petition—federally preempted.  *Lockwood*, 2009 WL 9419499, at *11.  The *Lockwood* court explained that the claims amounted to "alleging bad faith

---

[5] Because the Court lacks personal jurisdiction, venue in this district is also improper.  FAC ¶ 7; 28 U.S.C. §§ 1391(b)(1), (c)(2).  Dismissal under Rule 12(b)(3) for improper venue therefore is also warranted.

misconduct before the PTO," and that allowing such claims "would be 'contrary to Congress' preemptive regulation in the area of patent law.'"  *Id.* at *7 (quoting *Abbott Labs. v. Brennan*, 952 F.2d 1346, 1357 (Fed. Cir. 1991) ("proceedings before the PTO's boards" are "not subject to collateral review")); *LCS Grp.*, 2019 WL 1234848, at *6; *cf. Reactive Surfaces Ltd. v. Toyota Motor Corp.*, 2015 WL 4876810, at *5 (W.D. Tex. Aug. 13, 2015) (applying similar principles, holding state tort claims based on misconduct before PTO "are preempted by federal law").  For the same reasons as in *LCS Group* and *Lockwood*, federal law squarely preempts CyWee's fraud claim based on Google's alleged conduct in the IPR.

## VI.     ISSUE PRECLUSION BARS CYWEE FROM RE-LITIGATING THE PARTY-IN-INTEREST ISSUE UNDERLYING THE FRAUD CLAIM

The FAC must be dismissed with prejudice for another, independent reason: CyWee is barred as a matter of law by collateral estoppel—or issue preclusion—from re-litigating the issue of whether Google improperly omitted LG and Samsung as parties-in-interest in its IPR petition. This same issue was vigorously contested by CyWee and fully adjudicated by the PTAB, which conclusively held as a necessary threshold determination that Google was not required to list LG and Samsung because they were ***not*** parties-in-interest.  *See* Ex. A at 11-37 ("We conclude … LG [and] Samsung are not real parties in interest.  Thus, [Google's] Petition is not time-barred under 35 U.S.C. § 315(b) on the basis that Google filed the Petition more than one year after the date on which [CyWee] sued a real party in interest.").  The PTAB's comprehensive, 27-page ruling on this issue precludes CyWee's latest attempt at a "do-over."[6]

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a

---

[6] CyWee has appealed the PTAB's ruling to the Federal Circuit and that appeal is pending.  *See CyWee Grp. Ltd. v. Google LLC*, Case Nos. 20-1565 & 20-1567 (Fed. Cir.).

subsequent action between the parties, whether on the same or a different claim." *B&B Hardware*, 575 U.S. at 147-48 (citing Restatement (Second) of Judgments § 27, p. 250).  The Supreme Court in *B&B Hardware* stated—in the analogous context of an agency ruling by the Trademark Trial and Appeal Board—that, "[i]n short, a losing litigant deserves no rematch after a defeat fairly suffered." *Id.*  Fifth Circuit law on issue preclusion is similar:

> (1) the issue at stake must be identical to the one involved in the prior action, (2) the issue must have been actually litigated in the prior action, and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in the earlier action.

*E.g.*, *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995), *overruled on other grounds as recognized by In re Ritz*, 832 F.3d 560, 565 n.3 (5th Cir. 2016).  A final determination by an administrative agency—like the PTAB—has the same preclusive effect as a decision by a court.  *E.g.*, *B&B Hardware*, 575 U.S. at 148 (the "Court's longstanding view" is that when "an administrative agency is acting in a judicial capacity and resolves disputed issues …, courts have not hesitated to apply res judicata to enforce repose"); *C-Cation Tech. v. Time Warner*, 2017 WL 6498072, at *1-2 (E.D. Tex. Dec. 19, 2017) (applying collateral estoppel to prior PTAB ruling on patent validity issue).  The "doctrine of collateral estoppel 'prevent[s] repetitious litigation of what is essentially the same dispute," and is designed to "conserv[e] judicial resources," "maintain[] consistency," and "avoid[] oppression or harassment of the adverse party."  *Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018).  In evaluating issue preclusion, courts should not question the merits of the underlying prior judgment.  *Federated Dep't Stores Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981).  Here, the elements for collateral estoppel based on the PTAB's prior adjudication of the party-in-interest issue are easily met.

**The issue is identical**.  CyWee's fraud claim turns on the identical issue CyWee contested in its unsuccessful motion to terminate before the PTAB: whether Google improperly failed to

disclose LG and Samsung as "parties in interest" in its IPR petition, which would have rendered the petition untimely under 35 U.S.C. § 315(b).  *See supra* Section II.C & D; *compare* FAC ¶¶ 39, 43-45 (Google "misrepresented the identities of the real parties-in-interest by omitting any LG [and Samsung] entity from its disclosures" to avoid a "deadline that would time-bar its IPR petitions"), 52 *with* Ex. A at 11-37 (CyWee "alleges that LG [and] Samsung were real parties in interest … and that Google failed to identify those parties as such," rendering the petition "time-barred under 35 U.S.C. § 315(b)").  That CyWee now re-packages the same issue it presented as a motion to terminate to the PTAB as a fraud claim makes no difference to the analysis.  *See B&B Hardware*, 575 U.S. at 147-48; *RecoverEdge*, 44 F.3d at 1290.

**The issue was actually litigated**.  For collateral estoppel, an issue was "actually litigated" if it was "raised, contested by the parties, submitted for determination by the court, and determined."  *In re Keaty*, 397 F.3d 264, 272 (5th Cir. 2005); *Matter of Scarbrough*, 836 F.3d 447, 456 (5th Cir. 2016) (same); *Gambino v. Koonce*, 757 F.3d 604, 608-09 (7th Cir. 2014) ("[A]ctually litigated does not mean thoroughly litigated, but only that the parties disputed the issue and the trier of fact resolved it."); Restatement (Second) of Judgments § 27, cmt. d (an issue is "actually litigated" when it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined").  Here, that standard is satisfied.  The party-in-interest issue was clearly raised by CyWee in its motion to terminate, submitted for determination to the PTAB in that motion, vigorously contested by the parties (including with evidence CyWee obtained in discovery), and determined with finality by the PTAB in a 27-page judgment, concluding that Samsung and LG were not parties-in-interest based on the law and evidence.  Ex. A at 11-40.  Indeed, the FAC parrots the ***same*** supporting arguments (e.g., based on ███████████ ███████, commercial agreements, and Google Pixel 2 XL) that the PTAB expressly rejected after closely reviewing the evidence.  *Supra*, Section II.C & D; Ex. A, at 11-37.

**The PTAB's party-in-interest determination was necessary to its final judgment**. The PTAB's Final Written Decision (Ex. A) that LG and Samsung were not parties-in-interest was a necessary threshold determination to reach the ultimate question in the IPR of the patentability of the CyWee Patents.  *See RecoverEdge*, 44 F.3d at 1290.  CyWee had argued—as it does again in the FAC—that Google's IPR petition was time-barred under § 315(b) because LG and Samsung were "parties in interest" and had been sued by CyWee more than a year before Google filed its petition.  Thus, to reach the merits of the patentability question, the PTAB had to resolve the preliminary issue of whether Google's petition was timely.  The PTAB could resolve the merits of Google's challenge to the patentability of the CyWee Patents only if it first concluded—as it correctly did—that Google's petition was not time-barred under § 315(b).  Under controlling Fifth Circuit law, the PTAB's judgment on this issue was final for collateral estoppel, regardless of any appeal.  *See, e.g.*, *Timmons v. Special Ins. Servs.*, 984 F. Supp. 997, 1008 (E.D. Tex. Nov. 13, 1997) ("judgment is valid" for preclusion, "even if pending on appeal"), *aff'd*, 167 F.3d 537 (5th Cir. 1998); *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460 (5th Cir. 2013) (similar).

In short, as the "losing litigant" in the IPR, CyWee neither deserves nor is entitled to a "rematch after a defeat fairly suffered."  *B&B Hardware, Inc.*, 575 U.S. at 147-48.  CyWee is thus estopped from re-litigating the fundamental party-in-interest issue central to its fraud claim.[7]

---

[7] For similar reasons, res judicata—or claim preclusion—bars CyWee's fraud claim here.  Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action."  *Cox v. Bank of Am., N.A.*, 2017 WL 1622043, at *3 (S.D. Tex. May 2, 2017).  The requirements are: (1) parties in the two actions are identical or in privy, (2) prior judgment was rendered by a court of competent jurisdiction, (3) final judgment on the merits, and (4) same claim or cause of action must be involved in both suits.  *Id.*  The same claim or cause of action means the two cases "are based on the same nucleus of operative facts"; thus, "it is the operative facts, not the type of relief sought or substantive theories advanced … that define the claim."  *Id.*  CyWee's fraud claim is barred by res judicata just as it is barred by collateral estoppel.

## VII.   CYWEE HAS FAILED TO PLEAD KEY ELEMENTS OF ITS FRAUD CLAIM

Finally, the FAC must also be dismissed because CyWee failed to plead essential elements of its fraud claim at all, much less with the specificity required by Rule 9(b).  To state a fraud claim, CyWee must show that (1) Google made a material "false" statement, (2) Google knew it was false or made it recklessly as a positive assertion without knowledge of its truth, (3) Google intended to induce CyWee's reliance on the false statement, (4) CyWee actually relied on the statement, and (5) the statement caused CyWee injury.  *Futrell v. JPMorgan Chase Bank*, 2019 WL 3948222, at *4 (N.D. Tex. July 29, 2019).  CyWee must plead "fraud" with particularity under Rule 9(b), which requires at a minimum the "time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." *Jackson v. Select Portfolio Serv.*, 2017 WL 4005602, at *3 (N.D. Tex. Aug. 8, 2017); *Williams v. WMX Tech.*, 112 F.3d 175, 177-78 (5th Cir. 1997) (Rule 9(b) requires plaintiffs to explain with specificity "why the statements were fraudulent").  Here, the fraud claim fails on its face because CyWee has not articulated with specificity (1) any actionable "false" statement, much less one Google knew was false, (2) reliance, or (3) injury caused by any false representation.

### A.   No Actionable False Representation

Under CyWee's theory, Google should have determined in its judgment, after applying patent law to the facts, that Samsung and LG were "parties in interest," and its failure to list them in its IPR was a "false representation."  FAC ¶ 52.  This cannot support a fraud claim.

To "constitute actionable fraud," a "false" representation must "relate to material facts," as opposed to "matters of opinion" or "judgment."  *E.g.*, *Mai Larsen Design v. Want2Scrap, LLC*, 2019 WL 2343019, at *9 (W.D. Tex. June 3, 2019); *Trevino v. Bank of N.Y. Mellon*, 2013 WL 12120979, at *2 (W.D. Tex. June 13, 2013); *Diais v. Land Rover Dallas*, 2016 WL 1298392, at *4 (Tex. Ct. App. Apr. 4, 2016) ("opinion or puffery" cannot support a fraud claim).  Indeed, a

representation as to "legal status" or the "legal effect of a document" is "regarded as a statement of opinion rather than of fact and will not ordinarily support an action for fraud." *Fina Supply, Inc. v. Abilene Nat'l Bank*, 726 S.W.2d 537, 540 (Tex. 1987); *Taub v. Hous. Pipeline*, 75 S.W.3d 606, 621 (Tex. Ct. App. 2002). Here, as the PTAB correctly explained, the legal status of LG or Samsung was a "highly fact-dependent question" that "demand[ed] a flexible approach" based on a multi-factored review of "equitable and practical considerations." Ex. A, at 16-17. Put simply, Google made a judgment call—it reached an opinion—as to the legal status of LG and Samsung based on a reasoned application of the law and facts at the time Google filed its petition. Google's opinion is not a statement of "fact" that could be actionable for fraud.

More fundamentally, the PTAB already held conclusively that "LG [and] Samsung are not real parties in interest" and Google was ***correct*** not to disclose them. Ex. A, at 36-37. CyWee therefore has pled no actionable "false" statement in Google's IPR petition at all, much less one Google knew to be false, particularly since CyWee is estopped from re-litigating that finding (*supra* Section VI). Without a false statement, CyWee obviously has no fraud claim. *Trevino*, 2013 WL 12120979, at *2.

### B.     No Reliance

CyWee's fraud claim also fails because CyWee did not rely on Google's party-in-interest disclosures. It is "well-settled that actual reliance is a necessary element of common law fraud under Texas law." *Brodsky v. Match.com, LLP*, 2010 WL 3895513, at *2 (N.D. Tex. Sept. 30, 2010). CyWee devotes just a single sentence of the FAC to the allegation that it "did in fact rely upon Google's false representation" (FAC ¶ 56), but this conclusory assertion is insufficient, and unsupported by *facts* to show under Rule 9(b) *how* CyWee relied on Google's disclosures. *Id.* ("Other than their conclusory allegations of reliance, plaintiffs allege nothing to suggest that they actually relied on any false representation[.]"); *Iqbal*, 556 U.S. at 678 ("legal conclusions" or "a

formulaic recitation of the elements" of a claim are insufficient).  CyWee's allegation falls short

for good reason: CyWee cannot in good faith plead that it relied on Google's omission in its IPR

petition.  That is because CyWee admits it "conducted its own investigation" (FAC ¶ 56) and, in

its motion to terminate the IPR, contested Google's party-in-interest disclosures on the basis that

Google failed to identify LG and Samsung.  Ex. A, at 11-37; *cf. Stanley v. Wal-Mart Stores, Inc.*,

839 F. Supp. 430, 434-35 (N.D. Tex. 1993) (no fraud claim where plaintiff knew or had reason to

know the challenged representation was untrue).  That the PTAB rejected CyWee's arguments and

denied its motion to terminate does not establish that CyWee (or the PTAB) relied on Google's

party-in-interest representation.  Without a plausible showing of reliance, CyWee's fraud claim

fails.  *Futrell*, 2019 WL 3948222, at *4; *Brodsky*, 2010 WL 3895513, at *2.

### C.    No Injury Caused by Google's Party-In-Interest Representations

Finally, the fraud claim fails because CyWee has not shown how Google's party-in-interest

representations, even if otherwise actionable, *caused* CyWee harm.  *Futrell*, 2019 WL 3948222,

at *4 (false representation must "cause the plaintiff injury").  The FAC vaguely asserts that, as a

result of Google's allegedly incomplete list of parties-in-interest, CyWee "suffered injury" by

being "forced to defend IPR petitions" and because it was "deprived of its property rights" when

the PTAB invalidated its patents.  FAC ¶¶ 51, 57.  But because the PTAB held conclusively that

Google's representations were correct (*supra* Section VI), CyWee cannot have suffered any

cognizable injury as a result of *lawful* conduct.  Moreover, CyWee does not explain how any such

representations plausibly *caused* it harm, particularly because CyWee challenged Google's party-

in-interest representations in the IPR proceeding on the same grounds (with the same evidence) as

in the FAC, and the PTAB rejected that challenge.  *See supra* Section II.C & D.  In short, Google's

party-in-interest representations had *no* material impact on the IPR proceeding at all, and thus

CyWee cannot show a causal connection between Google's representations and any harm suffered

by CyWee.[8]

## VIII.   CONCLUSION

The Court should reject CyWee's attempt to re-litigate its PTAB defeat here.  The FAC's fraud claim is barred by fatal jurisdictional defects, preempted under federal law, and precluded by collateral estoppel.  CyWee also failed to plead—and could not plead—essential elements of its fraud claim, including an actionable "false" representation, plausible reliance, and a cognizable injury caused by Google.  Because these deficiencies of law are incurable such that amendment would be futile, this litigation should end.  The FAC should be dismissed with prejudice.[9]

---

[8] CyWee lacks Article III standing for the same reason.  It is axiomatic that for standing, CyWee must show, among other things, "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly … trace[able] to the challenged action of [Google]." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Ford v. NYL Care Health Plans*, 301 F.3d 329, 332-33 (5th Cir. 2002) (no standing because plaintiff could not show false advertisement caused alleged injury).  Because CyWee challenged the propriety of Google's disclosures before the PTAB, and the PTAB fully adjudicated that issue, CyWee cannot establish that Google's alleged omissions were "fairly traceable" to—or caused—any purported injury.  Dismissal is therefore required under Rule 12(b)(1).

[9] Under the circumstances, the Court should exercise its "broad discretion" to stay discovery until this motion is resolved.  *E.g.*, *Schoen v. Underwood*, 2011 WL 13238322, at *1 (W.D. Tex. July 18, 2011) (staying discovery pending ruling on motion to dismiss); *Starrett v. Lockheed Martin Corp.*, 2018 WL 10345320, at *1 (N.D. Tex. Mar. 9, 2018) (same).  A stay is particularly appropriate where—as here—resolving the motion may "preclude the need for discovery altogether," avoid wasting the time and resources of the parties and the Court, and cause no undue prejudice.  *Schoen*, 2011 WL 13238322, at *1 (stay of discovery is "eminently logical … to prevent wasting the time and effort of all concerned"); *Chatmon v. W. Tex. Counseling & Rehab.*, 2015 WL 13544782, at *4 (N.D. Tex. Dec. 1, 2015) ("Before a plaintiff is entitled to discovery, he must *first* produce a complaint that passes the plausibility test—a test that helps keep defendants from wasting time and money in discovery on largely groundless claims.").

Dated:  April 16, 2020                    /s/ Paige Arnette Amstutz

Luann L. Simmons (*Pro Hac Vice Pending*)
lsimmons@omm.com
Adam M. Kaplan (*Pro Hac Vice Pending*)
akaplan@omm.com
Bill Trac (*Pro Hac Vice Pending*)
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

Paige Arnette Amstutz
State Bar No. 00796136
**SCOTT DOUGLASS & McCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701-2589
(512) 495-6300
(512) 495-6399 (fax)

***Attorneys for Defendant Google LLC***

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that, on April 16, 2020, all counsel of record who have appeared in this case are being served with

a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
