IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 6:20-cv-00128-ADA-JCM <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

Plaintiff CyWee Group Ltd. ("Plaintiff" or "CyWee") moves this Court for permission to conduct jurisdictional discovery of Defendant Google LLC's ("Defendant" or "Google") contacts with the State of Texas, and in support thereof shows as follows:

### I. BACKGROUND

CyWee brought a cause of action against Google alleging common law fraud. Specifically, CyWee alleges that Google fraudulently listed the identities of the real parties-in-interest to IPR petitions filed with the U.S. Patent and Trademark Office— knowingly omitting entities including LG and Samsung—thereby causing injury to CyWee. In its First Amended Complaint, CyWee provides several bases for this Court's personal jurisdiction over Google. *See* Dkt. No. 4 ("First Amended Complaint") ¶¶ 5–6. Among other things, CyWee pleads, "Google's contacts include, but are not limiting to: (i) directing its fraudulent misrepresentations to Texas, (ii) knowingly and intentionally injecting itself into litigation pending in the State of Texas, and (iii)

conspiring with Texas based entities Huawei and ZTE." *Id.* at ¶ 5. CyWee supports these contacts with facts by alleging a fraudulent conspiracy orchestrated by Google to invalidate CyWee's patents, which also included LG, Huawei, Samsung, and ZTE as co-conspirators. *See id.* at ¶¶ 34–51. This conspiracy included Google conspiring with Samsung about dropping a key prior art reference in a lawsuit pending in the U.S. District Court for the Eastern District of Texas to avoid a validity determination on that reference in district court, so that the reference would solely be addressed in IPR proceedings. *See id.* at ¶¶ 48–49.

Google brought a Motion to Dismiss (Dkt. No. 11), arguing that this Court lacks personal jurisdiction and alleging that CyWee has failed to state a claim. Even though all plausible facts included in a Plaintiff's pleading are to be taken as true at the motion to dismiss stage, Google devotes several pages of its Motion to providing its own conflicting factual narrative. Dkt. No. 11 at 3–8. For instance, Google argues that its fraudulent disclosures were directed toward Virginia—rather then Texas—and that it did not control or influence Samsung's decisions in the pending Eastern District of Texas litigation. Accordingly, the parties dispute several underlying facts which support jurisdiction in this Court.

## II. ARGUMENT AND AUTHORITIES

"A court ***must*** find jurisdiction, both subject matter and personal, ***before*** determining the validity of a claim." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999) (emphasis added); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Accordingly, the Court must take up Google's challenge to this Court's personal jurisdiction prior to considering any of Google's arguments about the merits

of CyWee's claims.

"When the defendant disputes the factual bases for jurisdiction . . . the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). "To be entitled to jurisdictional discovery, the plaintiff must make a 'preliminary showing of jurisdiction.' This preliminary showing is a lesser standard than a prima facie case of jurisdiction; the plaintiff need only present 'factual allegations that suggest with reasonable particularity the **possible existence** of the requisite contacts.'" *Corder v. BBG Commc'ns, Inc.*, No. CIV.A. W-11-CA-00264, 2012 WL 3843691, at *10 (W.D. Tex. July 30, 2012) (Smith, J.) (emphasis added) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2012 WL 1551727, at *12 (S.D. Tex. Apr. 30, 2012) (quoting *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010)).

CyWee certainly has shown much more than the "possible existence" of requisite contacts sufficient to establish personal jurisdiction. As discussed in its First Amended Complaint, CyWee has alleged that Google conspired with Samsung to drop the *Bachmann* prior art reference (the key reference that supported Google's

IPRs) in litigation pending in *Texas*. In doing so, Google is believed to have conspired with Texas-based law firms and lawyers representing Samsung in the Texas litigation, who actively participated in the conspiracy. Furthermore, Google conspired with other entities—including Huawei and ZTE—which have their North American headquarters in Texas. CyWee has a reasonable basis to believe that at least some meetings in furtherance of Google's fraudulent conspiracy occurred in Texas. Accordingly, CyWee has established at a minimum the "possible existence" of Google's requisite contacts with Texas and therefore is entitled to take jurisdictional discovery.

### III.   CONCLUSION

Having established the possible existence of Google's jurisdictional contacts with Texas, CyWee requests this Court grant leave to take jurisdictional discovery. Specifically, CyWee requests leave to propound interrogatories, request the production of documents, issue third-party subpoenas, and take deposition testimony, both of Google representatives and relevant third parties. Furthermore, CyWee requests the Court stay briefing on Google's Motion to Dismiss (Dkt. No. 11) pending the completion of jurisdictional discovery.

Dated: May 8, 2020  Respectfully submitted,

        By:  /s/ *Michael W. Shore*
            Michael W. Shore (Texas 18294915)
            mshore@shorechan.com
            Alfonso G. Chan (Texas 24012408)
            achan@shorechan.com
            Ari B. Rafilson (Texas 24060456)
            (application pending)
            arafilson@shorechan.com
            William D. Ellerman (Texas 24007151)
            wellerman@shorechan.com
            Corey M. Lipschutz (Texas 24099303)
            clipschutz@shorechan.com
            SHORE CHAN DEPUMPO LLP
            901 Main Street, Suite 3300
            Dallas, Texas 75202
            Tel: (214) 593-9110
            Fax: (214) 593-9111

        **COUNSEL FOR PLAINTIFF**
        **CYWEE GROUP LTD.**

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the CM/ECF electronic filing system on May 8, 2020.

/s/ *Michael W. Shore*
Michael W. Shore

## **CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(i), I hereby certify that on May 7–8, 2020 I conferred with counsel for Defendant in a good-faith attempt to resolve this matter by agreement, but no agreement could be reached.

/s/ *Corey M. Lipschutz*
Corey M. Lipschutz