IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:20-cv-00128-ADA-JCM |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY

I.  **INTRODUCTION**

CyWee's motion for broad jurisdictional discovery and a 60-day stay of further briefing on Google LLC's motion to dismiss is meritless. CyWee fails to explain why the discovery it seeks—*i.e.*, unspecified interrogatories, requests for production, third-party subpoenas, and depositions of Google and third-party witnesses—is ***at all*** necessary to resolve or even relevant to the jurisdictional (or other) issues raised in Google's motion to dismiss, let alone tailored and proportional.  It is not.  As Google's motion makes clear, its arguments for dismissal (including those based on jurisdictional defects) are based entirely on CyWee's ***own*** allegations and narrow theory of fraud in its complaint: that Google failed to disclose two alleged parties-in-interest (LG and Samsung) in its petitions for inter partes review ("IPR") of two CyWee patents filed with the Patent Trial and Appeal Board ("PTAB") in Virginia.  The fraud claim, on its face, challenges conduct arising solely out of events outside of Texas in the PTAB proceedings, and ***no*** amount of jurisdictional discovery can change that fact.  CyWee's pursuit of discovery is based largely on its vague and unfounded claims of a "conspiracy" that, even if true (which they are not), are irrelevant to resolving Google's motion to dismiss.  CyWee's wasteful "fishing expedition" for needless discovery would "serve no benefit" other than to impose burden and cost on the parties and the Court, and to delay this litigation.  *Catalyst Medium Four, Inc. v. CardShark, LLC*, 2015 WL 1412591, at 8 (W.D. Tex. Mar. 26, 2015).  This Court should reject CyWee's ploy to try to salvage a baseless fraud claim filed in a forum with no connection to the dispute and deny CyWee's motion.

II.  **RELEVANT BACKGROUND**

**CyWee's Fraud Claim.**  As detailed in Google's pending motion to dismiss,[1] CyWee's First Amended Complaint ("FAC") asserts one claim for common law fraud premised entirely on

---

[1] For the Court's convenience, Google focuses on the background relevant to CyWee's motion for jurisdictional discovery.  Google's motion to dismiss has a full recitation of the facts.  *See* Dkt. 11.

Google's allegedly deficient IPR petitions to the PTAB. Dkt. 11 at 1, 3-8.  CyWee claims Google improperly failed to disclose in its IPR petitions that LG and Samsung were alleged parties-in-interest.  *Id.*; CyWee's Mot. at 1.  The PTAB proceedings—including Google's filing of the IPR petitions with the PTAB, CyWee's filing of its motion to terminate the IPR based on the same party-in-interest allegations, and the trial resulting in the PTAB's final decision squarely rejecting CyWee's motion to terminate—indisputably occurred outside of Texas. Dkt. 11 at 3-8.  CyWee's fraud claim thus—on its face—depends on events with no connection, much less a material connection, to Texas.

**Google's Motion to Dismiss.**  In its motion to dismiss, Google argues the Court lacks personal jurisdiction in this case, and that, in any event, the fraud claim fails as a matter of law because it is preempted by federal law, barred by principles of collateral estoppel, and inadequately pled under Texas law. *See* Dkt. 11.  On the jurisdictional issue, the Court lacks general personal jurisdiction because Google was not formed in Texas and is not headquartered there, and CyWee did not even *plead* general jurisdiction. *Id.* at 9-10.  The Court lacks specific personal jurisdiction because the fraud claim, as pled, does not depend on (or "arise out of") any Google contacts with Texas. *Id.* at 10-12.  Rather, the claim turns entirely on facts relating to events that occurred before the PTAB. *Id.*

Google also addresses CyWee's allegations of specific jurisdiction based on Google's "contacts" with Texas in paragraph 5 of the FAC. *Id.* at 11-12.  In that paragraph, CyWee asserts that Google "does business in Texas and is believed to have committed a tort in whole or in part within the state of Texas" and that "this suit arises, at least in part, from Google's contacts with Texas," including allegedly "(i) directing its fraudulent misrepresentations to Texas, (ii) knowingly and intentionally injecting itself into litigation pending in the state of Texas, and (iii) conspiring with Texas based entities Huawei and ZTE."  FAC ¶ 5.  These conclusory allegations are flawed

and cannot confer jurisdiction.  Dkt. 11 at 11 (citing, *e.g.*, *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001) (courts do not "credit conclusory allegations, even if uncontroverted," including those made "on information and belief")).  Google also explains that, even accepting as true CyWee's bare allegations and what CyWee describes as Google's three "contacts" with Texas, the Court still has no specific jurisdiction.  *Id.* at 11-12.  That is because (1) the *only* "misrepresentations" CyWee alleges in the FAC are Google's party-in-interest disclosures, which indisputably were filed in the IPR (and litigated) *outside* of Texas before the PTAB, (2) defending a separate lawsuit in Texas does not automatically confer personal jurisdiction, as the Fifth Circuit has held, and CyWee never pleads or explains how the Texas litigation bears on the fraud claim or Google's defenses to it, and (3) Google did not "conspire" with Huawei or ZTE (or anyone else) but, *even if it did*, those allegations are irrelevant or peripheral to this litigation and Google's grounds for dismissal.  *Id*.

Google's motion to dismiss, therefore, argues the Court lacks personal jurisdiction based entirely on CyWee's own allegations, ***not*** based on any new factual allegations that raise disputes that must be resolved through jurisdictional discovery.

**Relevant Procedural History.**  On April 24, 2020, the parties agreed to a briefing schedule for CyWee's opposition to Google's motion to dismiss (now due June 1, 2020) and Google's reply (now due June 29, 2020), which the Court granted.  Dkt. 15 (and text order dated April 24, 2020).  On May 7, 2020, CyWee informed Google that it intended to request jurisdictional discovery and asked whether Google would oppose; Google requested the facts CyWee intended to try to develop through discovery so that Google could evaluate its position, but indicated it did not believe jurisdictional discovery was appropriate given the fraud allegations and Google's arguments for dismissal.  CyWee refused to provide those facts, stating only that it wanted to propound interrogatories and requests for documents and take depositions of Google representatives and

third parties. A day later, on May 8, 2020, CyWee filed its Motion for Jurisdictional Discovery. Dkt. 17.

**III.   CYWEE'S MOTION FOR JURISDICTIONAL DISCOVERY MUST BE DENIED**

CyWee does not come close to meeting the requirements for jurisdictional discovery, much less for the unspecified and disproportional discovery it apparently seeks. Fed. R. Civ. P. 26(b)(1) (discovery must be relevant and "proportional to the needs of the case").

As this Court has held, a party is "not entitled to conduct jurisdictional discovery unless [it] first makes 'a preliminary showing of jurisdiction'" by presenting "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" *Moon v. Sandals Resort Int'l, Ltd.*, 2013 WL 12396985, at *7 (W.D. Tex. Dec. 27, 2013) (Manske, J.); *Bar Grp., LLC v. Business Intelligence Advisors*, 215 F. Supp. 3d 524, 545 (S.D. Tex. 2017). CyWee "must state what facts [it] believes discovery would uncover and how those facts would support personal jurisdiction." *Moon*, 2013 WL 12396985, at *7 (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)); *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) ("A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction."). The discovery also must be important to resolve a factual dispute necessary to withstand Google's motion to dismiss. *E.g.*, *Catalyst*, 2015 WL 1412591, at *8; *Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009) (jurisdictional discovery must be "likely to produce the facts needed to withstand" the motion to dismiss). That is, the Court should not "permit discovery on matters of personal jurisdiction unless [Google's] motion to dismiss raises issues of fact" that jurisdictional discovery would resolve. *Catalyst*, 2015 WL 1412591, at *8 (no jurisdictional discovery because "there are no factual disputes jurisdictional discovery would resolve"); *21st Century Financial Servs. v. Mandelbaum*,

2011 WL 3844209, at *2 (W.D. Tex. Aug. 30, 2011) (denying jurisdictional discovery, stating that "the Fifth Circuit has approved the denial of jurisdictional discovery where the discovery sought could not have added any significant facts"); *Freeman* 556 F.3d at 342; *Monkton Ins. Serv., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014).

In its motion, CyWee recites the same boilerplate allegations of specific jurisdiction as in its FAC (at ¶ 5) to argue it should be given carte blanche authority to propound, as it sees fit, "interrogatories, request[s] for production of documents, … third-party subpoenas, and [to] take deposition testimony … of Google representatives and relevant third parties." Dkt. 17 at 1-2, 4.[2] But CyWee does not and cannot explain how those allegations (which Google addressed in its motion to dismiss) establish a preliminary showing of personal jurisdiction, what specific facts it believes discovery would uncover or how those facts would support jurisdiction given the FAC's allegations, or how its desired discovery would yield such information. *Bar Grp.*, 215 F. Supp. 3d at 545 (citing *Kelly*, 213 F.3d at 855 (no discovery where plaintiffs failed to "describe the discovery they contend should have been allowed, what facts they hoped to obtain from such discovery, or how it would produce information that would support jurisdiction")); *see also* Dkt. 11 at 10-12. Further, CyWee does not—and, again, cannot—articulate how jurisdictional discovery would "be relevant or helpful" ***at all*** to resolve any factual disputes necessary to withstand Google's motion to dismiss. *Catalyst*, 2015 WL 1412591, at *8 (the "Court fails to see how jurisdictional discovery would be relevant or helpful"); *21st Century*, 2011 WL 3844209, at *2; *Freeman*, 556 F.3d at 342. Indeed, none of Google's jurisdictional arguments—or other arguments for dismissal—turn on

---

[2] Even in cases where jurisdictional discovery is appropriate (unlike here), a plaintiff is not entitled to unlimited discovery in all forms, as CyWee suggests. That is confirmed by CyWee's own cited case, *Walk Haydel & Assoc. v. Coastal Power Prod.*, 517 F.3d 235, 241 (5th Cir. 2008), which held that, where disputed jurisdictional facts exist, the court ***may*** "receive interrogatories, depositions, or any combination of the recognized methods of discovery," but "has discretion as to the type and amount of discovery to allow," and should also consider undisputed facts.

disputed facts; they are based entirely on CyWee's own allegations. *Catalyst*, 2015 WL 1412591, at *8; *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe Gmbh*, 2015 WL 4162599, at *4-5 (N.D. Tex. Jul. 9, 2015) (plaintiffs "fail to identify issues of fact in Defendant's Motion to Dismiss whose resolution would be relevant to the question of personal jurisdiction").

Unable to identify any dispute in this case for which the requested discovery would be relevant, CyWee instead speculates that it might uncover information about alleged conspiracies with "entities," including "Huawei and ZTE" (which allegedly have U.S. headquarters in Texas), and with Samsung to "drop the [Bachmann] reference" in a separate, unrelated Texas litigation. Dkt. 17 at 2, 3-4.  CyWee's speculation about completely fabricated conspiracies is nothing more than a red herring and should be flatly rejected.

First, CyWee does not even attempt to offer any factual allegations regarding any "conspiracy" with Huawei and ZTE—because none exist—much less identify what discovery it hopes to uncover or how that discovery could possibly bear on any issues in this case, particularly given that Huawei and ZTE are not parties here.  CyWee's request for discovery "in the hopes it might, with any luck, reveal jurisdiction is a textbook fishing expedition" with no basis in its motion or its own allegations in the FAC. *Catalyst*, 2015 WL 1412591, at *8.

Second, CyWee likewise hopes discovery might yield information about alleged "meetings" between "Texas-based law firms and lawyers representing Samsung" related to the "Bachmann reference" in a separate Texas litigation.  Dkt. 17 at 3-4.  But as Google explained in its motion to dismiss, the PTAB already expressly held that CyWee's baseless claim of "coordination" over the Bachmann reference—even if true (it is not)—does not prove Samsung was a "party-in-interest"; to the contrary, the PTAB held that Samsung's treatment of Bachmann in the litigation was "strong evidence that Google was ***not*** representing Samsung's interests." *See* Dkt. 11 at 6 (emphasis added).  More importantly, for purposes of CyWee's request for discovery,

CyWee does not and cannot show how any "meetings" related to the Bachmann reference in a separate Texas litigation would even bear on *this* litigation, the fraud claim pled in the FAC, or Google's defenses set forth in its motion to dismiss (including based on jurisdictional defects). The fraud claim, as CyWee admits, is premised entirely on Google's party-in-interest disclosures in its IPR petitions filed with and litigated in the PTAB proceedings. Dkt. 17 at 1; FAC ¶ 52. Any alleged "meetings" in Texas with Samsung regarding the Bachmann reference—which did not occur and for which CyWee has offered no evidence to plausibly support—are ***irrelevant*** to Google's party-in-interest disclosures and to the issues raised by Google's motion to dismiss. Thus, *no* amount of discovery—into alleged "meetings" or otherwise—would help CyWee withstand dismissal. *Freeman*, 556 F.3d at 342 (discovery must be "likely to produce the facts needed to withstand" dismissal); Dkt. 11 at 10 (citing, *e.g.*, *Sangha v. Navig8 ShipManagement*, 882 F.3d 96, 101 (5th Cir. 2018) (plaintiff must show claim "arises out of" Texas contacts). Because Google's pending motion to dismiss raises "no factual disputes jurisdictional discovery would resolve," CyWee's motion here is a futile request for discovery that would "serve no benefit." *See Catalyst*, 2015 WL 1412591, at *8.[3]

CyWee has not established any basis for jurisdictional discovery into issues material to Google's motion to dismiss. CyWee's hope that discovery might lead to information about imagined "conspiracies" that, even if they existed, would have no relevance to the motion to dismiss is nothing more than pretext to harass Google and stall the dismissal of its fatally-flawed FAC. *Bar Grp.*, 215 F. Supp. 3d at 545 ("A court may also deny jurisdictional discovery where

---

[3] Far from supporting discovery here, the cases CyWee cites help Google. In *Corder v. BBG Commc'ns, Inc.*, 2012 WL 3843691, at *10-11 (W.D. Tex. July 30, 2012) (cited in CyWee's Motion at 3), the Court held the plaintiff had not established personal jurisdiction and ***denied*** its request for jurisdictional discovery, in part because the request was "too vague to warrant discovery." *See also Baker v. Hughes Inc. v. Homa*, 2012 WL 1551727, at *12-13 (S.D. Tex. Apr. 30, 2012) (discovery not appropriate where it "could not have added any significant facts").

the plaintiff offers only speculation as to jurisdiction" and "is waging a fishing expedition into jurisdictional facts.").

## IV. CONCLUSION

CyWee should respond to Google's motion to dismiss, if it has a good faith basis to do so, without unnecessary and wasteful discovery. CyWee's motion for jurisdictional discovery and a 60-day stay of further briefing on Google's motion to dismiss should be denied.

Dated:  May 15, 2020

/s/ Paige Arnette Amstutz

Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
Adam M. Kaplan (*Pro Hac Vice*)
akaplan@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile:  415-984-8701

Paige Arnette Amstutz
State Bar No. 00796136
pamstutz@scottdoug.com
**SCOTT DOUGLASS & McCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701-2589
Telephone: (512) 495-6300
Facsimile:  (512) 495-6399 (fax)

***Attorneys for Defendant Google LLC***

**CERTIFICATE OF SERVICE**

  Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 15, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                */s/ Paige Arnette Amstutz*
                Paige Arnette Amstutz