IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 6:20-cv-00128-ADA-JCM <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY**

Defendant Google LLC's ("Defendant" or "Google") Response (Dkt. No. 18) highlights the multiple factual disputes between the parties that support the appropriateness of jurisdictional discovery. Given the factual disputes regarding Plaintiff's bases for jurisdiction, the Court should permit focused jurisdictional discovery.

## I. ARGUMENT AND AUTHORITIES

### A. CYWEE MADE A PRELIMINARY SHOWING OF JURISDICTION

To be entitled to jurisdictional discovery, a plaintiff need only make a preliminary showing of jurisdiction—that is CyWee "need only present 'factual allegations that suggest with reasonable particularity the ***possible existence*** of the requisite contacts.'" *Corder v. BBG Commc'ns, Inc.*, No. CIV.A. W-11-CA-00264, 2012 WL 3843691, at *10 (W.D. Tex. July 30, 2012) (Smith, J.) (emphasis added) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). CyWee has pled three theories supporting the existence of jurisdiction: "[Google] (i) direct[ed] its

fraudulent misrepresentations to Texas, (ii) knowingly and intentionally inject[ed] itself into litigation pending in the State of Texas, and (iii) conspir[ed] with Texas based entities Huawei and ZTE." *See* Dkt. No. 4 ("First Amended Complaint") ¶¶ 5–6.

In February 2017, CyWee filed a lawsuit against Samsung in the Eastern District of Texas (the "EDTX Litigation")—its first lawsuit against a maker of Android devices. First Amended Complaint ¶34. Shortly thereafter, CyWee filed suit against other makers of Android devices, including LG, Huawei, and ZTE. *Id.* at ¶ 35. Early in the EDTX Litigation, around September 2017, Samsung first identified U.S. Patent No. 7,089,148 ("*Bachmann*") as a potentially invalidating prior art reference. *Id.* at ¶ 48. At that point, CyWee had not yet sued Google, or even accused it or placed it on notice of patent infringement. Nonetheless, unbeknownst to CyWee, Google worked behind the scenes to form a joint defense agreement ("JDA") that included all of the Android device manufacturers CyWee had sued—including Samsung, LG, Huawei, HTC and ZTE (the "Android Defendants")—with the express purpose of working together to invalidate CyWee's Patents. *Id.* at ¶ 37. Through this JDA organized by Google, Google led and conspired with the Android Defendants to invalidate CyWee's Patents, including by fraudulent means. Many of the Android Defendants have North American headquarters in Texas and/or counsel in Texas who actively participated in this conspiracy—accordingly, CyWee has a good faith belief that meetings relating to this conspiracy occurred ***in Texas***, particularly given the fact that CyWee's lawsuits against Samsung and Huawei were pending in Texas.

Moreover, CyWee has pled that Google, through the JDA it formed, purposely injected itself into the EDTX Litigation. In furtherance of its conspiracy to invalidate CyWee's Patents, Google filed an IPR petition, which primarily relied upon the *Bachmann* reference. *Id.* at ¶¶ 44–49. In that IPR petition, Google also fraudulently failed to disclose the other JDA parties or the JDA itself. *Id.* Google realized that honestly disclosing all real parties-in-interest would make its IPR petition time barred and therefore prevent its institution. To ensure its IPR petition was instituted and assertion of the *Bachmann* reference in the IPR would not be preempted or compromised by an earlier ruling in the fast approaching EDTX Litigation, Google and Samsung agreed and conspired that Samsung would drop the *Bachmann* reference as prior art, so that the reference could be addressed solely in the IPR.[1] *Id.*

These facts, at a minimum, show the ***possible existence*** of jurisdiction in Texas. Accordingly, CyWee has met its burden of establishing entitlement to jurisdictional discovery. The jurisdictional discovery sought is not a mere "fishing expedition" as Google characterizes. Rather, jurisdictional discovery would allow CyWee to gather further evidence that shows substantial portions of Google's fraudulent conspiracy are connected to Texas and were intended to impact the EDTX Litigation. Therefore, jurisdictional discovery is proper.

---

[1] Google's IPR was not filed until June 14, 2018. The EDTX Litigation was set for trial on May 13, 2019, and if the EDTX case had not been stayed, the decision on whether *Bachmann* was invalidating art would have been made and reduced to a judgment long before the Google IPR was decided, or even tried. To prevent that possibility, Google and Samsung cooperated in removing *Bachmann* from the EDTX Litigation.

### B. THE DISCOVERY SOUGHT IS TAILORED AND PROPORTIONAL TO THE NEEDS OF THIS CASE

While CyWee seeks leave from the Court to use several *forms* of discovery, the *scope* of discovery is narrowly tailored. Discovery at this stage is limited to jurisdictional issues. For instance, CyWee seeks: (i) e-mails or any other forms of communications relating to the EDTX Litigation (including communications between Google's and Samsung's counsel) and the Google IPR, (ii) communications between and among Google, Samsung, Huawei and ZTE relating to CyWee's Patents and the Google IPR, and (iii) communications between the JDA parties related to the formation, content and fulfillment of the JDA. The tailored jurisdictional discovery sought is proportional to the needs of this case. The burden of the discovery requested is minimal (especially for a trillion-dollar company like Google) and goes to the heart of the jurisdictional issues in dispute. Furthermore, staying further briefing on Google's Motion to Dismiss (Dkt. No. 11) until the completion of jurisdictional discovery will allow the parties to better focus their briefing for the Court.

## II. CONCLUSION

Having established the possible existence of Google's jurisdictional contacts with Texas, CyWee requests this Court grant leave to take jurisdictional discovery and stay briefing on Google's Motion to Dismiss (Dkt. No. 11) pending the completion of jurisdictional discovery.

Dated: May 22, 2020           Respectfully submitted,

          By:   /s/ *Michael W. Shore*
             Michael W. Shore (Texas 18294915)
             mshore@shorechan.com
             Alfonso G. Chan (Texas 24012408)
             achan@shorechan.com
             Ari B. Rafilson (Texas 24060456)
             (application pending)
             arafilson@shorechan.com
             William D. Ellerman (Texas 24007151)
             wellerman@shorechan.com
             Corey M. Lipschutz (Texas 24099303)
             clipschutz@shorechan.com
             SHORE CHAN DEPUMPO LLP
             901 Main Street, Suite 3300
             Dallas, Texas 75202
             Tel: (214) 593-9110
             Fax: (214) 593-9111

          **COUNSEL FOR PLAINTIFF**
          **CYWEE GROUP LTD.**

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the CM/ECF electronic filing system on May 22, 2020.

/s/ *Michael W. Shore*
Michael W. Shore
