IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 6:20-cv-00128-ADA-JCM <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Google LLC ("Defendant" or "Google") has been covertly orchestrating a fraudulent conspiracy for months. Google's Motion to Dismiss (Dkt. No. 11) summarily denies these allegations and their jurisdictional bases. Taking Plaintiff's allegations as true—as the Court is required to do—Plaintiff CyWee Group Ltd. ("Plaintiff" or "CyWee") has pled with particularity sufficient facts to support its fraud cause of action.[1] Accordingly, Google's Motion must be denied.

## I.  BACKGROUND

CyWee brings a single cause of action against Google alleging common law fraud under Texas law. Specifically, CyWee alleges that Google orchestrated a fraudulent conspiracy among members of a joint defense group (the "JDG")[2] Google

---

[1] As discussed herein, consideration of Google's Motion is premature. CyWee has requested, and is entitled to, limited discovery related to Google's Motion to Dismiss for lack of jurisdiction. (Dkt. No. 17). The Court should defer ruling on the entirety of the Motion to Dismiss until such discovery is completed and the briefing is supplemented to incorporate the jurisdictional evidence.

[2] The JDG was formalized through a written Joint Defense Agreement ("JDA") in

had formed comprised of the smartphone makers (the "Android Defendants")[3] CyWee had sued, in part, for satisfying Google's requirements for implementations of its Android Operating System.[4] The ***express admitted*** purpose of the JDG was to allow Google and the Android Defendants to work together to invalidate the CyWee Patents. *See* Dkt. No. 4 ("FAC") ¶ 37. Prior to the formation of the JDG and execution of the JDA, CyWee had sued Samsung in Texas on February 17, 2017.[5] In the EDTX Litigation, one of the primary prior art references Samsung relied upon in its preliminary invalidity contentions was the *Bachmann Reference*.[6] By the time the JDG was formed and the JDA executed, the EDTX Litigation was rapidly approaching the deadline for the parties to file dispositive motions—July 9, 2018.

Fearing a determination that the *Bachmann Reference* would prove not to be invalidating prior art in the EDTX Litigation through summary judgment or a trial, Google and Samsung conspired that Samsung drop the *Bachmann Reference* from the EDTX Litigation so Google could use it in a series of IPRs Google was planning to file in furtherance of the JDA.[7] Consequently, Samsung dropped the *Bachmann*

---

approximately June of 2018.

[3] The Android Defendants named in CyWee's suits are Samsung, LG, Huawei, HTC, and ZTE.

[4] CyWee asserted infringement of U.S. Patent No. 8,441,438 (the "'438 patent") and U.S. Patent No. 8,552,978 (the "'978 patent") (collectively "CyWee Patents") against all of the Android Defendants.

[5] *CyWee Group Ltd. v. Samsung Electronics Co., Ltd.*, No. 2:17-cv-00140 (E.D. Tex. Feb. 17, 2017) (the "EDTX Litigation").

[6] U.S. Patent No. 7,089,148.

[7] *Google LLC v. CyWee Group Ltd.*, No. IPR2018-01257 (P.T.A.B. June 14, 2018); *Google LLC v. CyWee Group Ltd.*, No. IPR2018-01258 (P.T.A.B. June 14, 2018) (collectively the "Google IPRs").

*Reference* from the EDTX Litigation because Samsung and its co-conspirator Google did not know if the EDTX Litigation would be stayed pending the Google IPRs' outcomes. If the EDTX Litigation had not been stayed, the determination of whether the *Bachmann Reference* qualified as invalidating prior art would have been made in the EDTX Litigation before the Google IPRs were concluded. Google, Samsung and the other Android Defendants did not want the *Bachmann Reference*'s merits as prior art decided on summary judgment or by an EDTX Litigation jury before it was addressed in the more favorable Patent Trial and Appeal Board ("PTAB") forum. This shows that Samsung and Google were in privity and coordinating the strategy for the Google IPRs, again making Samsung a real party-in-interest to the Google IPR.[8] None of this was disclosed to CyWee or the USPTO when the Google IPRs were filed, not even the *existence* of the JDG or the contents of the JDA.

Pursuant to 35 U.S.C. § 315(b), ""[a]n *inter partes* review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party-in-interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." A petitioner ***must*** disclose any real parties-in-interest when filing an IPR petition. 35 U.S.C. § 312(a)(2); 37 C.F.R. § 42.8(b)(1). Samsung, LG, and Huawei are all real parties-in-interest with Google. FAC ¶¶ 41–42. The filing of the EDTX Litigation created a deadline for Google to file an IPR on February 17, 2018. 35 U.S.C. § 315(b).

---

[8] *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1351 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1366 (2019).

Google failed to file an IPR petition by its one-year deadline. Realizing it had missed a critical deadline that would time bar its IPR petitions, Google devised a plan to fraudulently cover up its error by illegal means. FAC ¶ 45. Specifically, when it filed its IPR petitions on June 14, 2018, Google intentionally misrepresented the identities of the real parties-in-interest by omitting any LG[9] or Samsung entity from its disclosures of real parties-in-interest. *Id.* at ¶¶ 45, 47. By fraudulently misrepresenting the identities of the real parties-in-interest and withholding the material facts that LG made the smartphones at issue in the Google Litigation, the existence of the JDA and Samsung's cooperation in dropping the *Bachmann Reference* from the EDTX Litigation[10], Google misled the PTAB into issuing a final written decision invalidating CyWee's Patents. *Id.* at ¶¶ 50–51. By not disclosing the real parties-in-interest to CyWee or any evidence inconsistent with that non-disclosure, Google avoided CyWee raising the issue immediately with the USPTO, seeking discovery and presenting evidence to establish the status of Samsung and LG as time-barred real parties-in-interest. As a result of Google's fraudulent misrepresentations, CyWee has suffered injury by being forced to defend IPR petitions that are believed

---

[9] In addition to being a member of the JDG and a signatory to the JDA, LG literally manufactured some of the Google phones accused of infringing CyWee's Patents in the case CyWee filed against Google. *CyWee Group Ltd. v. Google, Inc.*, No. 1:18-cv-00571-UNA, Dkt. No. 1 (D. Del. Apr. 16, 2018) (the "Google Litigation").

[10] By failing to disclose evidence contrary to its position, Google violated its duty of candor and good faith to the USPTO. 37 C.F.R. § 42.11 (providing duty of good faith); 37 C.F.R. § 42.51(b)(1)(iii) (requiring that "[u]nless previously served, a party must serve relevant information that is inconsistent with a position advanced by the party during the proceeding concurrent with the filing of the documents or things that contains the inconsistency").

to have been initiated and carried out by fraudulent means and by being deprived of its property rights as a result of Google's fraudulent misrepresentations. *Id.*

## II.  ARGUMENT AND AUTHORITIES

### A.  This Court has Specific Personal Jurisdiction Over Google

CyWee's fraud claim arises, at least in part from Google's Texas contacts. CyWee has pled three theories supporting the existence of jurisdiction: "[Google] (i) direct[ed] its fraudulent misrepresentations to Texas, (ii) knowingly and intentionally inject[ed] itself into litigation pending in the State of Texas, and (iii) conspir[ed] with Texas based entities Huawei and ZTE." *See* FAC ¶¶ 5–6.

***First***, Google directed fraudulent misrepresentations about its real parties-in-interest to Texas, specifically to CyWee's counsel in Dallas, Texas. FAC ¶ 54. As these fraudulent misrepresentations were received in Texas and relied upon in Texas, a substantial part of the fraudulent conduct *occurred* in Texas. Google intended that CyWee's counsel in Texas would rely on these incomplete disclosures by, among other things, not alerting the PTAB to Google's fatal omissions, not timely seeking discovery regarding facts surrounding the true identities of the real parties-in-interest, and not filing a motion to terminate the Google IPRs before any decision on the merits.

***Second***, Google injected itself into a lawsuit against Samsung in the Eastern District of Texas, the EDTX Litigation. FAC ¶ 34. Early in the EDTX Litigation, around September 2017, Samsung first identified the *Bachmann Reference* as a potentially invalidating prior art reference. *Id.* at ¶ 48. Even though CyWee had not

yet sued or even accused Google of patent infringement, Google conspired with Android device manufacturers to form the JDG and execute a JDA with the express purpose of invalidating CyWee's Patents. *Id.* at ¶ 37. In furtherance of its conspiracy to invalidate the CyWee Patents, Google filed an IPR petition which primarily relied upon the *Bachmann Reference* previously identified by Samsung in the EDTX Litigation. *Id.* at ¶¶ 44–49. To ensure its IPR petition was instituted and that assertion of the *Bachmann Reference* in the Google IPRs would not be preempted or compromised by an earlier ruling in the fast approaching EDTX Litigation, Google and Samsung both conspired and agreed that Samsung would drop the *Bachmann Reference* as prior art, so that it could be addressed solely in the Google IPRs. *Id.* By doing this, Google insured that the *Bachmann Reference* would not be considered by Judge Bryson on summary judgment or by an East Texas jury at trial, but rather in a forum much more favorable to Google—the PTAB.

*Third*, Huawei and ZTE both maintain their North American headquarters in Texas. Furthermore, Samsung's counsel in the EDTX Litigation is based in Texas. Thus, CyWee has reasonable grounds to believe Google participated in meetings and communications occurring in Texas or which involved Texas-based counsel for Samsung, Huawei and ZTE, as well as in-house counsel or executives of those companies in furtherance of the fraud and conspiracy. Jurisdictional discovery will undoubtedly reveal the scope of such communications occurring in Texas or directed to Texas.

Accordingly, CyWee has pled that CyWee's fraud claim arises from Google's

Texas contacts.[11]

### B. Alternatively, CyWee Should be Permitted to Take Jurisdictional Discovery

Even if this Court were to find that CyWee has not yet made a *prima facie* showing of jurisdiction, the Court should permit jurisdictional discovery. To be entitled to jurisdictional discovery a plaintiff "need only present 'factual allegations that suggest with reasonable particularity the ***possible existence*** of the requisite contacts.'" *Corder v. BBG Commc'ns, Inc.*, No. CIV.A. W-11-CA-00264, 2012 WL 3843691, at *10 (W.D. Tex. July 30, 2012) (Smith, J.) (emphasis added) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). As further described in its Motion for Jurisdictional Discovery (Dkt. No. 17), CyWee has, at a minimum, shown the ***possible existence*** of jurisdiction in Texas. The Court should grant CyWee's Motion for Jurisdictional Discovery and allow limited discovery to be completed prior to any further consideration of Google's Motion to Dismiss.

### C. CyWee's Fraud Claim May be Adjudicated by This Court

Federal law does not preempt state law causes of action for fraudulent activity at the USPTO. "[F]ederal patent law bars the imposition of liability for conduct before the PTO ***unless the plaintiff can show that the [] conduct amounted to fraud or rendered the [] process a sham***." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998) *overruled on other grounds by Midwest Indus. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) (en banc) (emphasis added).

---

[11] For similar reasons, venue is proper in the Western District of Texas. 28 U.S.C. § 1391(c)(2).

Similarly, in *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470 (Fed. Cir. 1998), Dow brought a claim for unfair competition based on Exxon's alleged inequitable conduct before the USPTO. The Federal Circuit held "that such a state law tort claim is not preempted by the federal patent law, even if it requires the state court to adjudicate a question of federal patent law, provided the state law cause of action includes additional elements not found in the federal patent law cause of action and is not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law." *Id.* at 1473. Courts must look to the conduct and "strike a balance" between rights and obligations owed under both federal and state law. *Hunter Douglas, Inc.*, 153 F.3d at 1336.

Unlike the cases cited by Google, Google's misconduct before the PTAB does not go to the substantive merits of the IPR proceeding. That is, Google's fraudulent misrepresentations are ***not*** related to whether CyWee's patents are valid or not. Rather, Google's fraudulent misrepresentations were made with the intent to undermine the ***entirety*** of the Google IPR proceedings and render the entire process a sham designed to derail the EDTX Litigation where the validity of CyWee's patents was set to be determined first. But for Google's fraudulent misrepresentations, the PTAB would have terminated the IPR proceeding as time-barred and never issued a decision on the merits of the petition. Accordingly, the application of state law fraud claims as asserted in the instant case does not seek to disrupt the role Congress delegated to the PTAB in the creation of the IPR regime.

Similarly, in *Columbia Sportswear North America, Inc. v. Seirus Innovative*

*Accessories, Inc.* ("*Columbia Sportswear*"), the plaintiff brought several causes of action, including fraud claims under both Oregon and Virginia law, based on the defendants' fraudulent conspiracy to misrepresent the identities of real parties-in-interest in an IPR proceeding. 428 F. Supp. 3d 354 (D. Or. 2019), *on reconsideration on other grounds*, No. 3:19-CV-00137-MO, 2020 WL 1865858 (D. Or. Apr. 14, 2020). The defendants in *Columbia Sportswear*, similar to Google, argued that the state law fraud claims were preempted. *Id.* at 371. The *Columbia Sportswear* court squarely rejected these arguments, finding "[f]ederal patent law does not preempt state law causes of action for fraudulent filings provided that the state law causes of action do not offer patent-like protection and the state claims have additional elements not found in federal patent claims. . . . None of [the plaintiff's] state law claims (fraud, conspiracy to commit fraud, abuse of process, and Oregon RICO) purport to offer patent-like protection, and all of them contain additional elements not found in federal patent claims." *Id.* (citing *Hunter Douglas, Inc.*, 153 F.3d at 1336).

Accordingly, federal law does not preempt CyWee's Texas fraud claim.

### D. Equitable Principles Prevent Issue Preclusion From Applying to a Judgment Obtained by Fraudulent Means

Issue preclusion is an equitable doctrine premised on principles of fairness. *Nations v. Sun Oil Co. (Delaware)*, 705 F.2d 742, 744–45 (5th Cir. 1983) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979)); *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995); *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983); *In re Freeman*, 30 F.3d 1459, 1467 (Fed. Cir. 1994) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313,

349 (1971)). A court holds discretion in determining whether the exercise of preclusion is appropriate.[12] *Id*. A court should decline to apply issue preclusion if it would work to create an injustice. *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 597 (5th Cir. 1977) ("[C]ourts have occasionally rejected strict application of bar and estoppel principles when their use would violate an overriding public policy or result in manifest injustice."); *see also* Restatement (Second) of Judgments § 28 (1982); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4426 (3d ed. Apr. 2020 Update).

Equitable principles bar the application of issue preclusion in the instant case. CyWee's fraud claims do not go to the substantive merits of the PTAB proceeding (i.e. whether CyWee's Patents are valid), but instead relate to ***how*** Google used fraudulent means to secure a judgment. At the core of CyWee's claim, CyWee alleges that Google made fraudulent misrepresentations to the PTAB to mislead the PTAB to issue a final written decision. Now, Google seeks to use its fraudulently obtained judgment as a sword to prevent any claims challenging the propriety of Google's misconduct. Applying issue preclusion in the instant case would result in a manifest injustice. In fact, applying issue preclusion in the instant case would encourage nefarious actors like Google to obtain administrative relief through fraud, and then

---

[12] Unlike the doctrine of claim preclusion, or *res judicata*, issue preclusion is not a matter of legal right. Rather, it is an equitable doctrine to be applied "only when the alignment of the parties and the legal and factual issues raised warrant it." *Nations v. Sun Oil Co. (Delaware)*, 705 F.2d 742, 744 (5th Cir. 1983). As a principle of equity, "fairness to both parties must be considered when it is applied." *Id.* (citing *Johnson v. United States*, 576 F.2d 606, 614 (5th Cir. 1978), *cert. denied*, 451 U.S. 1018 (1981)).

hide behind the doctrine of issue preclusion to immunize them from any attack. Google should not be permitted to invoke an equitable doctrine (issue preclusion) to wash its own unclean hands.

Furthermore, equitable principles disfavor the application of issue preclusion due to Google's captive stranglehold upon the USPTO and the PTAB. As CyWee has alleged in its First Amended Complaint, Google has forged a cozy *quid pro quo* relationship with Washington policymakers and regulators. FAC ¶¶ 21–28. Google is one of the top lobbyists and political campaign contributors in the nation, which has allowed it to develop a "revolving door" relationship with government administration. *Id.* Google used its deep pockets and political influence to secure the nomination of its former Deputy General Counsel and Head of Patents and Patent Strategy, Michelle Lee, to serve as Director of the United States Patent and Trademark Office. Michelle Lee was responsible for overseeing the USPTO's implementation of the America Invents Act ("AIA"), including hiring many new PTAB judges to oversee the new AIA proceedings, including IPR proceedings. *Id.* at ¶¶ 29–33. At Google's behest, Michelle Lee was successful in recruiting a posse of PTAB administrative law judges committed to Google's mission of annihilating patents—so much so the PTAB has earned itself the common moniker of "patent death squad." *Id.* Principles of equity do not support applying issue preclusion to any decision from an administrative body that was handpicked to do Google's bidding.

Furthermore, in a footnote Google argues that CyWee's fraud claim is barred by claim preclusion. Not so. As Google admits, claim preclusion requires that the

"same claim or cause of action" be involved in both suits. CyWee never raised a Texas state law common law fraud claim in the IPR proceeding—nor could it. The PTAB lacks jurisdiction to hear any "counterclaims" by a patentee, such as a state law fraud claim.

Therefore, the doctrines of issue and claim preclusion are inappropriate and improper in this case.

### E. CyWee Has Pled All Necessary Elements for a Claim for Common Law Fraud

CyWee has pled with particularity all of the necessary elements of a fraud claim. First, Google argues that its misrepresentation regarding the identified of real parties-in-interest is not actionable because it is a statement of opinion. Not so. A misstatement of fact intertwined with a statement of opinion amounts to a false representation of fact. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 277 (Tex. 1995) (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930–31 (Tex. 1983)). Analyzing analogous elements of a fraud claim under Oregon and Virginia law, the court in *Columbia Sportswear* found assertions regarding "real part[ies] in interest in [an] IPR petition is not a pure legal opinion and is, therefore, actionable as fraud." *Columbia Sportswear*, 428 F. Supp. 3d at 373 (citing *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190–92 (2015)). Moreover, Google's misrepresentation is actionable because Google had knowledge it was false. *Trenholm*, 646 S.W.2d at 930; FAC ¶ 55. Google withheld the information on purpose with the intent to deceive.

Furthermore, CyWee relied on Google's misrepresentation because Google was

under an obligation to accurately represent real parties-in-interest under penalty of perjury and to disclose any contrary information. CyWee was delayed in discovering the truth due to Google's misrepresentation, which allowed it to move forward with the IPR proceedings to CyWee's prejudice.

For similar reasons, Google's fraudulent misrepresentation caused CyWee's injuries. FAC ¶ 57. But for Google's fraudulent misrepresentation, CyWee would not have had to defend itself in an IPR proceeding because the proceeding would be time barred. Moreover, but for Google's fraudulent misrepresentation, the IPR would have been terminated and CyWee would not have been deprived of its property rights.[13]

### F. Alternatively, CyWee Should be Given Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." To the extent the Court finds that CyWee has failed to sufficiently plead a claim or jurisdiction, CyWee respectfully requests the Court grant leave so CyWee may correct any deficiencies identified by the Court.

### III. CONCLUSION

Accordingly, for the reasons stated herein CyWee has sufficiently pled jurisdiction and a claim. Therefore, this Court should deny Google's Motion to Dismiss (Dkt. No. 11). Alternatively, this Court should permit CyWee to take jurisdictional discovery and/or amend its pleading.

---

[13] In a footnote Google argues that CyWee lacks standing because there is no causal connection between CyWee's injuries and the conduct complained of. As described above, CyWee's alleged injuries were caused by Google's fraudulent misconduct.

Dated: June 8, 2020  Respectfully submitted,

By: /s/ *Michael W. Shore*
Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso G. Chan (Texas 24012408)
achan@shorechan.com
Ari B. Rafilson (Texas 24060456)
(application pending)
arafilson@shorechan.com
William D. Ellerman (Texas 24007151)
wellerman@shorechan.com
Corey M. Lipschutz (Texas 24099303)
clipschutz@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

**COUNSEL FOR PLAINTIFF
CYWEE GROUP LTD.**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the CM/ECF electronic filing system on June 8, 2020.

/s/ *Michael W. Shore*
Michael W. Shore