IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., § | |
| § | |
| Plaintiff, § | |
| v. § | Case No. 6:20-cv-00128-ADA-JCM |
| § | |
| GOOGLE LLC, § | |
| § | |
| Defendant. § | |

**DEFENDANT GOOGLE LLC'S REPLY
IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THIS COURT LACKS PERSONAL JURISDICTION | 2 |
| III. | CYWEE'S STATE LAW FRAUD CLAIM IS PREEMPTED AND NOT SUBJECT TO COLLATERAL REVIEW BY THIS COURT | 4 |
| IV. | CYWEE'S FRAUD CLAIM IS BARRED BY PRECLUSION DOCTRINES | 6 |
| V. | CYWEE HAS FAILED TO PLEAD A FRAUD CLAIM | 8 |
| VI. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Abbott Labs. v. Brennan*,
　952 F.2d 1346 (Fed. Cir. 1991) ............................................................................... 2, 4

*Allred v. Moore & Peterson*,
　117 F.3d 278 (5th Cir. 1997) ...................................................................................... 3

*Bradberry v. Jefferson Cty., Tex.*,
　732 F.3d 540 (5th Cir. 2013) ...................................................................................... 7

*Buckman v. Plaintiffs' Legal Comm.*,
　531 U.S. 341 (2001) .................................................................................................... 4

*Chaudhary v. Chubb & Son*,
　2018 WL 8966965 (S.D. Tex. Dec. 20, 2018) ........................................................ 10

*Chavez-Mercado v. Barr*,
　946 F.3d 272 (5th Cir. 2020) ...................................................................................... 8

*Columbia Sportswear N.A. v. Seirus Innovative Accessories*,
　2020 WL 1865858 (D. Or. Apr. 14, 2020) ............................................................ 3, 9

*Columbia Sportswear N.A. v. Seirus Innovative Accessories*,
　428 F. Supp. 3d 354 (D. Or. 2019), *on reconsideration*, 2020 WL 1865858 (D.
　Or. Apr. 14, 2020) ............................................................................................... 5, 6, 9

*Copeland v. Merrill Lynch*,
　47 F.3d 1415 (5th Cir. 1995) ...................................................................................... 7

*Dow Chem. Co. v. Exxon*,
　139 F.3d 1470 (Fed. Cir. 1998) ............................................................................... 4, 5

*Halliburton Energy Servs. v. Ironshore Specialty Ins.*,
　921 F.3d 522 (5th Cir. 2019) ...................................................................................... 3

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
　153 F.3d 1318 (Fed. Cir. 1998) ................................................................................... 5

*In re Freeman*,
　30 F.3d 1459 (Fed. Cir. 1994) ..................................................................................... 7

*Javery v. Lockheed Martin*,
　765 F. App'x 98 (5th Cir. 2019) ................................................................................. 8

*Kertesz v. Korn*,
　2006 WL 8436262 (W.D. Tex. Nov. 21, 2006) ......................................................... 3

# TABLE OF AUTHORITIES
(continued)

                                                                                                                        **Page**

*Lockwood v. Sheppard Mullin*,
    2009 WL 9419499 (C.D. Cal. Nov. 24, 2009) ........................................................................ 6

*Moch v. East Baton Rouge Parish Sch. Bd.*,
    548 F.2d 594 (5th Cir. 1977) ............................................................................................. 7, 8

*Nations v. Sun Oil Co. (Del.)*,
    705 F.2d 742 (5th Cir. 1983) ................................................................................................ 7

*Reactive Surfaces v. Toyota*,
    2015 WL 4876810 (W.D. Tex. Aug. 13, 2015) ..................................................................... 4

*RecoverEdge L.P. v. Pentecost*,
    44 F.3d 1284 (5th Cir. 1995), *rev'd on other grounds as recognized by In re
    Ritz*, 832 F.3d 560 (5th Cir. 2016) ........................................................................................ 7

*Rougeux v. Int'l Bank of Commerce*,
    2014 WL 12872429 (W.D. Tex. Apr. 14, 2014) .................................................................... 7

*Thryv, Inc. v. Click-To-Call Techs.*,
    140 S. Ct. 1367 (2020) ............................................................................................... 2, 4, 6

*Tinnus Enters. v. Telebrands Corp.*,
    2019 WL 2757243 (E.D. Tex. Apr. 16, 2019) ....................................................................... 7

*Transp. Ins. Co. v. Faircloth*,
    898 S.W.2d 269 (Tex. 1995) ................................................................................................ 9

*Trenholm v. Ratcliff*,
    646 S.W.2d 927 (Tex. 1993) ................................................................................................ 9

*United States v. Thomas*,
    709 F.2d 968 (5th Cir. 1983) ................................................................................................ 7

**STATUTES**

35 U.S.C. § 315(b) ........................................................................................................................ 4, 6

**OTHER AUTHORITIES**

18 Fed. Prac. & Proc. Juris. (3d ed. Apr. 2020) ......................................................................... 7, 8

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................................................................ 10

I.      **INTRODUCTION**

In an effort to salvage its fraud claim, CyWee weaves a narrative that misstates indisputable facts that, even accepted as true, would not save the claim from dismissal. For example, CyWee's opposition constructs from thin air a theory that Google coordinated with Samsung about the "Bachmann reference," and says CyWee was prevented from "presenting evidence" to the PTAB on this and other issues related to the parties-in-interest. In addition to being completely untrue, in its motion to terminate the IPR, CyWee already raised the Bachmann issue and other alleged evidence pled in the FAC; the PTAB expressly rejected that evidence as showing party-in-interest status and denied CyWee's motion, finding Google's list of parties-in-interest was correct. Dkt. 11 ("Mot.") at 6; Dkt. 11-1 at 11-37. More importantly, even if CyWee disagrees with the PTAB's decision, it may not relitigate—and the Court should not collaterally review—that decision here. CyWee's opposition confirms that its fraud claim fails for numerous reasons.

*First*, the Court lacks personal jurisdiction. CyWee cannot dispute that the core challenge in this case relates to events that occurred in the PTAB proceedings outside of Texas. CyWee offers no support for its bare assertion that jurisdiction nevertheless exists simply because (i) it was allegedly served with IPR petitions in Texas, (ii) Google allegedly discussed strategy with Samsung related to a separate Texas litigation against Samsung, and (iii) non-parties Huawei and ZTE have their alleged U.S. headquarters in Texas. CyWee's alternative request for jurisdictional discovery is a wasteful fishing expedition that, as Google explained in response to CyWee's prior motion for the same relief, would not help resolve any issues here. Dkts. 17, 18.

*Second*, federal law preempts CyWee's state fraud claim, and no "fraud or sham" exception applies. Moreover, binding Supreme Court authority from April 2020, as well as authority from the Federal Circuit, firmly bar collateral review of the PTAB's party-in-interest ruling—the central issue underlying CyWee's fraud claim. *Thryv, Inc. v. Click-To-Call Techs.*, 140 S. Ct. 1367, 1373-

74, 1376 (2020); *Abbott Labs. v. Brennan*, 952 F.2d 1346, 1357 (Fed. Cir. 1991).

***Third***, CyWee admits the elements for issue preclusion are met, but argues for an equitable exception based on "manifest injustice." Fifth Circuit law is clear, however, that such an exception applies only to *offensive* collateral estoppel, where a *plaintiff* seeks to estop a defendant from contesting an issue the defendant previously litigated and lost. That does not apply here. Even if it did, CyWee does not come close to showing the type of manifest injustice that could give rise to any equitable exception to preclusion.

***Fourth***, CyWee articulates no plausible theory of fraud. Its own cited authority confirms that legal opinions, such as Google's judgment about the legal status of LG and Samsung, are generally not actionable for fraud; CyWee identifies no false statement of fact that could support its fraud claim. In addition, CyWee's cursory assertions of reliance and injury have no legal basis and should be rejected out of hand, particularly since CyWee acknowledges it conducted its own investigation into the party-in-interest issue, and premises its claim of "injury" on conduct that the PTAB conclusively held was correct and *lawful*.

## II.  THIS COURT LACKS PERSONAL JURISDICTION

CyWee argues without a single supporting case that specific jurisdiction exists here, while repeating its request for jurisdictional discovery to the extent the Court disagrees. Opp. at 5-7; Dkt. 17. As Google explained in its opening brief and in response to CyWee's motion for jurisdictional discovery, CyWee's own allegations demonstrate the lack of personal jurisdiction, and no amount of discovery could change that fact. Mot. at 9-12; Dkt. 18.

To prop up its jurisdictional argument, CyWee contends that Google "directed fraudulent misrepresentations" to CyWee's counsel in Texas by filing its IPR petition in the PTAB "with the intention that [it] reach CyWee" via service. Opp. at 5; FAC ¶ 54. According to CyWee, Google intended to prevent CyWee from "alerting the PTAB" to the allegedly incomplete parties-in-

interest, "timely seeking discovery," and filing a "motion to terminate the Google IPR before any decision on the merits." Opp. at 5. But CyWee indisputably did all this—it requested additional discovery into the parties-in-interest (the PTAB denied that request, Mot. at 4 n.2), and it moved to terminate the IPR based on the party-in-interest issue (which the PTAB likewise denied, *id.* at 4-7). CyWee offers no legal support (and could not) for the notion that mere service of an IPR petition filed in the PTAB—without more—confers jurisdiction here. *E.g.*, *Allred v. Moore & Peterson*, 117 F.3d 278, 287 (5th Cir. 1997) (service alone insufficient for personal jurisdiction); *Kertesz v. Korn*, 2006 WL 8436262, at *8 (W.D. Tex. Nov. 21, 2006). It is CyWee's burden to establish jurisdiction, and it has failed.

CyWee also argues that Google "injected itself" into Samsung's separate litigation in the Eastern District of Texas by allegedly participating in a joint defense group and coordinating with Samsung about the "Bachmann reference." Opp. at 5-6. CyWee does not allege Google appeared in that Texas litigation, only that it discussed strategy with defense counsel. Under Fifth Circuit law, participating in litigation cannot itself subject Google to the Court's jurisdiction. Mot. at 11 (citing *Halliburton Energy Servs. v. Ironshore Specialty Ins.*, 921 F.3d 522, 541 (5th Cir. 2019)). CyWee offers no contrary authority. Indeed, *Columbia Sportswear N.A. v. Seirus Innovative Accessories* (cited elsewhere in CyWee's brief) reinforces that no jurisdiction exists here. 2020 WL 1865858, at *5 (D. Or. Apr. 14, 2020) (conduct furthering litigation strategy does not provide necessary contacts for personal jurisdiction).

Finally, CyWee points to Huawei's and ZTE's U.S. headquarters in Texas, and Samsung's Texas counsel, as alleged grounds for personal jurisdiction. Opp. at 6. But CyWee ignores that Huawei and ZTE are not parties or otherwise alleged to have a meaningful connection to this lawsuit. Mot. at 11-12. And as Google explained in response to CyWee's motion for jurisdictional discovery, CyWee's bald speculation about "meetings" between Google and Samsung counsel to

allegedly coordinate regarding Samsung's strategy in its litigation to drop Bachmann—which never happened and for which CyWee offers no evidence—is irrelevant; the PTAB already held that Samsung's treatment of Bachmann did ***not*** prove party-in-interest status. Dkt. 18 at 6-7.[1] This issue is a red herring with no bearing on this case.

### III. CYWEE'S STATE LAW FRAUD CLAIM IS PREEMPTED AND NOT SUBJECT TO COLLATERAL REVIEW BY THIS COURT

Federal law preempts CyWee's fraud claim, and the PTAB's party-in-interest ruling central to that claim is not subject to collateral judicial review. As Google explained in its motion, the Supreme Court in *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001), held that state tort "fraud on the agency" claims are federally preempted, and courts have repeatedly applied *Buckman* to reject fraud and other tort claims challenging conduct in IPRs. Mot. at 12-13. The Federal Circuit likewise has held that proceedings before PTO boards are "not subject to collateral review," as "[a]n additional state action would be an inappropriate collateral intrusion on the regulatory procedures of the PTO, under the guise of a complaint sounding in tort, … and is contrary to Congress' preemptive regulation in the area of patent law." *Abbott Labs.*, 952 F.2d at 1357; *Reactive Surfaces v. Toyota*, 2015 WL 4876810, at *5 (W.D. Tex. Aug. 13, 2015); *cf. Dow Chem. Co. v. Exxon*, 139 F.3d 1470, 1477 (Fed. Cir. 1998) (claims for alleged "bad faith misconduct before the PTO" are preempted). Moreover, in April 2020—after Google filed its motion but well before CyWee filed its opposition—the Supreme Court definitively held that PTAB party-in-interest determinations under 35 U.S.C. § 315(b) are ***not*** judicially reviewable, as "***Congress entrusted [that] decision to the [PTAB].***" *Thryv*, 140 S. Ct. at 1373-74, 1376 (rejecting argument

---

[1] CyWee's alternative request for jurisdictional discovery (Opp. at 7) rehashes its arguments in its motion for the same relief (Dkt. 17). Google explained in response to that motion (Dkt. 18) why the request would serve no benefit. Rather than repeat those arguments, Google incorporates by reference its response to that motion.

that Congress would limit "agency's institution authority in § 315(b) without ensuring judicial supervision"; "AIA's purpose and design strongly reinforce our conclusion," as a contrary ruling would "tug against the objective" of Congress and "wast[e] the resources spent resolving patentability").

CyWee does not mention *Thryv*, *Buckman*, or any other decision barring judicial review of its fraud claim.  Instead, CyWee admits patent law generally "bars the imposition of liability for conduct before the PTO," but argues its claim should survive because it "can show that the [] conduct amounted to fraud or rendered the [] process a sham." Opp. at 7-8 (quoting *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998), and *Dow*, 139 F.3d at 1473).  But *Hunter Douglas* and *Dow* predate *Thryv* by decades.  CyWee also mischaracterizes the cases it cites: the conspicuous brackets that CyWee adds in the excerpted quote from *Hunter Douglas* (Opp. at 7) camouflage that it is a **patentholder's** conduct that may not be preempted from state law claims if the conduct amounts to fraud or renders the patent application process a sham.  *Hunter Douglas*, 153 F.3d at 1335-36.  This exception "strike[s] a balance" between advancing the objectives of patent law (*e.g.*, to "foster and reward invention") by protecting patentholders' rights and carving out conduct that "could expose [patentholders] to liability" in the non-adversarial patent application process.  *Id.* at 1333, 1336.  These same competing interests do not apply to claims against a patent challenger in an adversarial IPR, where the challenger does not obtain the same rights as a patentholder and any alleged "fraud" can be addressed in the IPR itself (as it was here with CyWee's unsuccessful motion to terminate).

The other case CyWee cites—*Columbia Sportswear*—is similarly inapposite.  428 F. Supp. 3d 354 (D. Or. 2019), *on reconsideration*, 2020 WL 1865858 (D. Or. Apr. 14, 2020).  In that case, which was transferred and dismissed on reconsideration for lack of jurisdiction, the court held that state tort claims were not preempted based on allegations that one defendant (Seirus) conspired

with another (Ventex) to delay trial in a related federal litigation by funding Ventex's IPRs without disclosing Seirus as a party-in-interest; the PTAB ultimately held that Seirus was a party-in-interest and terminated Ventex's IPRs as untimely under § 315(b). *Id.* at 363-64. *Columbia Sportswear* does not apply for several reasons. First, it predates *Thryv*, which, again, bars judicial review of PTAB party-in-interest determinations. Second, the court permitted Columbia's claims to proceed mainly because it found Ventex's institution of the IPR to be a "fraud and a sham," given that the PTAB terminated the IPR as untimely under § 315(b) when presented with the omitted evidence of Seirus's involvement. *Id.* at 368-71. The opposite is true here: the PTAB **denied** CyWee's motion to terminate after carefully considering the evidence CyWee presented, finding that it did ***not*** establish that LG or Samsung were parties-in-interest—far from the alleged "fraud or sham" in *Columbia Sportswear*. Mot. at 3-7 & Ex. A at 11-37.[2]

## IV.   CYWEE'S FRAUD CLAIM IS BARRED BY PRECLUSION DOCTRINES

CyWee's arguments against preclusion are frivolous. CyWee concedes that the elements for collateral estoppel are met: the party-in-interest issue is identical to the issue actually litigated in the IPR, and the PTAB's ruling on it was necessary to its judgment. Mot. at 13-16. But CyWee argues for a "fairness" exception because, in its view, barring its claim would "result in a manifest injustice." Opp. at 9-10. Nonsense.

The Fifth Circuit has made clear a "fairness" exception applies ***only*** when a plaintiff uses collateral estoppel ***offensively***—i.e., when "a plaintiff seeks to estop a defendant from relitigating

---

[2] CyWee argues that "[u]nlike the cases cited by Google," the challenged conduct here "does not go to the substantive merits" of "whether CyWee's patents are valid or not," but instead relates to the party-in-interest issue which supposedly "render[ed] the entire [IPR] a sham." Opp. at 8. But, again, Google's party-in-interest disclosures were hardly a sham, given the PTAB found Google's disclosures were ***correct***. CyWee's attempted distinction also is misguided: the party-in-interest issue, like the patentability issue, is a core statutory component of federal patent law, and collateral judicial review would disrupt that carefully constructed statutory framework. *Thryv*, 140 S. Ct. at 1370, 1374-75; *Lockwood v. Sheppard Mullin*, 2009 WL 9419499, at *7 (C.D. Cal. Nov. 24, 2009).

issues that the defendant previously litigated and lost against another plaintiff." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 n.12 (5th Cir. 1995), *rev'd on other grounds as recognized by In re Ritz*, 832 F.3d 560, 565 n.3 (5th Cir. 2016); *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 548-49 (5th Cir. 2013) ("[T]he district court erred in relying on equitable factors in concluding that collateral estoppel did not apply," as "[t]hese equitable considerations ***apply only to offensive collateral estoppel.***") (emphasis added); *Rougeux v. Int'l Bank of Commerce*, 2014 WL 12872429, at *3 & n.2 (W.D. Tex. Apr. 14, 2014). CyWee's own authority confirms as much. *See Nations v. Sun Oil Co. (Del.)*, 705 F.2d 742, 744 (5th Cir. 1983) (analyzing "offensive collateral estoppel"); *Copeland v. Merrill Lynch*, 47 F.3d 1415, 1423 (5th Cir. 1995) (same); 18 Fed. Prac. & Proc. Juris. § 4426 (3d ed. Apr. 2020) (statements that issue preclusion "should not be exercised in such a manner as to work an injustice" should "be approached with great caution" to avoid "destroy[ing]" the "very values served by preclusion"); *cf. Tinnus Enters. v. Telebrands*, 2019 WL 2757243, at *5 (E.D. Tex. Apr. 16, 2019) (offensive collateral estoppel applies because the "parties across both litigations are the same" and had a "full and fair opportunity to litigate" the issue). Here, as the defendant, Google's preclusion arguments are defensive—not offensive—and thus CyWee's entire equitable argument crumbles as a matter of law.[3]

Even if a "fairness" exception applied (it does not), CyWee offers nothing but bluster to try to engineer "manifest injustice." It claims Google has a "stranglehold" over the U.S. PTO and PTAB, and also argues Google misled the PTAB about the parties-in-interest. Opp. at 10-11. But CyWee offers no support for this false allegation (nor could it). And the notion that Google

---

[3] Other cases CyWee cites held issue preclusion *applied*. *E.g.*, *United States v. Thomas*, 709 F.2d 968 (5th Cir. 1983); *In re Freeman*, 30 F.3d 1459 (Fed. Cir. 1994)). And in *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 597-98 (5th Cir. 1977) (Opp. at 10), the court did not apply preclusion when there was a significant change in a constitutional voting law that would result in a manifest injustice. Nothing close to the facts in *Moch* is alleged here.

"misled" the PTAB on the parties-in-interest to "secure a judgment" by fraud is unsound: in its unsuccessful motion to terminate, CyWee presented to the PTAB the *same* evidence that it alleges here to contest the *same* party-in-interest issue, and the PTAB rejected that challenge, finding Google's party-in-interest disclosures were correct.  Thus, CyWee has hardly been deprived of a "full and fair opportunity" to litigate the party-in-interest issue or otherwise been subjected to the type of "manifest injustice" that could give rise to a "fairness" exception.  18 Fed. Prac. & Proc. Juris. § 4426; *Moch*, 548 F.2d at 597-98 (manifest injustice where intervening change in law, if left unaddressed, would allow school board "to continue ad infinitum a constitutionally infirm system outlawed everywhere else").

Finally, CyWee argues that while the related *res judicata* doctrine (claim preclusion) is not based in equity, it does not apply here because it requires the "same claim or cause of action," and CyWee "never raised a Texas state law common law fraud claim in the IPR proceeding." Opp. at 11-12 & n.12.  CyWee misses the point: the Fifth Circuit has "for over three decades" interpreted "same claim or cause of action" to mean the two suits "are based on the same nucleus of operative facts." *Javery v. Lockheed Martin*, 765 F. App'x 98, 99 (5th Cir. 2019) (collecting cases); *Chavez-Mercado v. Barr*, 946 F.3d 272, 275-76 (5th Cir. 2020) ("same claim or cause of action" turns on "whether the two cases … are based on the same nucleus of operative facts"); Mot. at 16 n.7.  The "type of relief requested or the substantive theories advanced" is immaterial.  *Chavez-Mercado*, 946 F.3d at 276.  This case indisputably involves the same nucleus of operative facts on the party-in-interest issue.  Mot. at 4-8.  CyWee's lone argument against res judicata is meritless.

## V.   CYWEE HAS FAILED TO PLEAD A FRAUD CLAIM

Finally, the FAC does not articulate a cognizable fraud claim.  CyWee acknowledges in its opposition that a Texas fraud claim requires a known false statement of fact, reliance, and resulting injury.  Opp. at 12-13.  But CyWee fails to plausibly show any of these elements.

**No known false representation.**  CyWee admits that opinions and statements about legal status are not actionable as fraud, but argues a "misstatement of fact intertwined with a statement of opinion amounts to a false representation of fact."  *See* Opp. at 12 (citing *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 277 (Tex. 1995)).  CyWee's authority, however, supports Google.  In *Faircloth*, the Court **rejected** a fraud claim based on an opinion about the monetary value of a wrongful death action because "there [was] no evidence that the statement was a false statement of fact, or that the agent knew it was false when made," particularly given the opinion was based on many factors about which "experts can sincerely disagree."  *Faircloth*, 898 S.W.2d at 276-77.  The Court in *Faircloth* noted that while an opinion may be treated as an actionable statement of fact if "based on or buttressed with false facts," citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930-31 (Tex. 1993), it held the case involved no such circumstances.  *Faircloth*, 898 S.W.2d at 277 (distinguishing *Trenholm* as involving opinion by developer who induced homebuilders to buy property next to trailer park by "falsely stating that the trailer park had been sold" and would "be gone in a matter of months").  Much like the facts in *Faircloth*, Google's position about the legal status of LG and Samsung was based on the law and facts at the time it filed the IPR; as in *Faircloth*, nothing plausibly suggests that Google's position was "based on or buttressed with false facts"—to the contrary, CyWee presented its alleged "evidence" in its motion to terminate, but the PTAB resoundingly rejected it, conclusively holding that Google had identified the correct parties-in-interest.  Mot. at 4-8.[4]

---

[4] *Columbia Sportswear* does not apply.  *See* Opp. at 12.  As noted above, that case was dismissed on reconsideration for lack of personal jurisdiction, 2020 WL 1865858, at *6, and the portion of the original order on fraud applied Virginia and Oregon law, not Texas law, 428 F. Supp. 3d at 374.  Further, the case involved deliberate concealment of a fact (a contract between the defendants about funding of the IPR) that the PTAB held, after learning of that contract, showed party-in-interest status.  *Id.* at 372, 374.  Here, the PTAB held—based on the same facts and evidence alleged in the FAC—that Google's disclosures were correct and that LG and Samsung were ***not*** parties-in-interest.  *See* Mot. at 4-8.

**No reliance.**  CyWee devotes just two sentences and no legal authority to argue it "relied on Google's misrepresentations" and was "delayed in discovering the truth."  Opp. at 12-13.  But CyWee never explains—much less with the specificity required by Rule 9(b)—*how* it relied on Google's statements or how it was "delayed" in discovering the "truth."  Mot. at 18-19; Fed. R. Civ. P. 9(b).  CyWee cannot do so, of course, having admitted it "conducted its own investigation" and filed an unsuccessful motion to terminate based on the same supposed evidence that it alleges in the FAC to support its fraud claim.  Mot. at 18-19.  CyWee's conclusory assertion of reliance is implausible on its face and deficient as a matter of law.

**No injury caused by Google.**  Finally, CyWee says it suffered injury "caused" by Google because it "would not have had to defend itself" in the IPR and "would not have been deprived of its property rights" since the IPR "would have been terminated."  Opp. at 13.  But it defies common sense that Google's *lawful* party-in-interest disclosures (as the PTAB held) caused any cognizable harm.  Mot. at 18.  Because CyWee has articulated no injury caused by any allegedly unlawful or fraudulent conduct, its fraud claim fails on this basis too.

## VI.   CONCLUSION

CyWee's opposition confirms that the deficiencies in its FAC are incurable on their face.  Since amendment would be futile and would waste the resources of the Court and the parties, this matter should be closed—the Court should exercise its discretion and dismiss the FAC without leave to amend.  Mot. at 8-9; *Chaudhary v. Chubb & Son*, 2018 WL 8966965, at *4 (S.D. Tex. Dec. 20, 2018) (dismissal with prejudice because amendment would be futile).

| | |
|---|---|
| Dated:  July 6, 2020 | */s/ Paige Arnette Amstutz* |
| | Luann L. Simmons (*Pro Hac Vice*) |
| | lsimmons@omm.com |
| | Adam M. Kaplan (*Pro Hac Vice*) |
| | akaplan@omm.com |
| | Bill Trac (*Pro Hac Vice*) |
| | btrac@omm.com |
| | **O'MELVENY & MYERS LLP** |
| | Two Embarcadero Center, 28th Floor |
| | San Francisco, CA 94111-3823 |
| | Telephone: 415-984-8700 |
| | Facsimile: 415-984-8701 |
| | |
| | Paige Arnette Amstutz |
| | State Bar No. 00796136 |
| | **SCOTT DOUGLASS & McCONNICO LLP** |
| | 303 Colorado Street, Suite 2400 |
| | Austin, Texas 78701-2589 |
| | (512) 495-6300 |
| | (512) 495-6399 (fax) |
| | |
| | ***Attorneys for Defendant Google LLC*** |

**CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 6, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                        */s/ Paige Arnette Amstutz*
                                                        Paige Arnette Amstutz