# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 6:20-cv-00128-ADA-JCM <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Google LLC's ("Defendant" or "Google") Reply Brief (Dkt. No. 24), contains multiple legal arguments not included in its original Motion to Dismiss (Dkt. No. 11). First, Google incorrectly argues the Supreme Court's recent decision in *Thryv, Inc v. Click-To-Call Techs., LP* ("*Thryv*")[1] bars Plaintiff CyWee Group Ltd.'s ("Plaintiff" or "CyWee") fraud claim. Second, Google mistakenly claims that this Court must consider equitable factors only in cases of offensive issue preclusion. Both of these arguments are as fundamentally flawed as they are new. Accordingly, CyWee files this Sur-Reply to respond to these two new arguments.[2]

**I.     THE *THRYV* DECISION DOES NOT ADDRESS THE ISSUES OF THIS CASE**

The *Thryv* case did not address fraudulent conduct before the PTAB. Rather, the *Thryv* case addressed the direct appealability of the PTAB's decision to institute

---

[1] 140 S. Ct. 1367 (2020).
[2] Google also raises several other arguments that have already been addressed in CyWee's Response (Dkt. No. 23). Accordingly, CyWee does not rehash them.

an IPR proceeding. *Id.* at 1366. The instant case is not a direct appeal of the PTAB's institution decision, nor is the instant case a collateral attack on the PTAB's decision. Rather, this case is about ***Google's fraudulent conduct*** and misrepresentations it made to the PTAB and CyWee in order to literally hijack a case from a judge and jury in Texas in order to have it heard instead by an unconstitutionally appointed panel of administrative patent judges, where Google felt it enjoyed an advantage because its former in-house counsel created the system and hired the APJs.

As discussed in CyWee's Response, a party may be subject to state law tort liability for conduct before the USPTO when its "conduct amounted to fraud or rendered the [] process a sham." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998) *overruled on other grounds by Midwest Indus. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) (en banc). Nothing in the *Thryv* decision overturned or abrogated the "fraud or sham" exception created under *Hunter Douglas*. Intentionally leaving out time-barred real parties-in-interest from its mandatory disclosures to CyWee and the PTAB is such a fraud or sham.

The *Thryv* decision further supports the need for this Court to exercise jurisdiction. Without ***any*** direct review of the PTAB's institution decision, Google seeks to reap the benefits of its intentional fraudulent conduct, while also seeking to evade any culpability for its fraud. CyWee does not ask this Court to adjudicate a question of patent law. Rather, CyWee seeks to hold Google liable for its fraudulent misrepresentations. Therefore, CyWee's claim fits squarely within the *Hunter Douglas* "fraud or sham" exception.

## II. THE COURT IS REQUIRED TO CONSIDER EQUITABLE FACTORS PRIOR TO INVOKING ISSUE PRECLUSION

Google's attempt to distinguish offensive and defensive issue preclusion is without merit. Federal courts have long abandoned the requirement of mutuality and distinctions between offensive and defensive issue preclusion. *Allen v. McCurry*, 449 U.S. 90, 94–95 (1980); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 n.16 (1979) ("[T]here is no intrinsic difference between 'offensive' as distinct from 'defensive' issue preclusion."). Instead of focusing on rigid rules of mutuality or parsing offensive issue preclusion from defensive issue preclusion, "one general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Allen*, 449 U.S. at 95; *see also Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 284 (5th Cir. 2006) (citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998)). The fundamental concept of fairness is consistent with issue preclusion's roots as an equitable doctrine. *Nations v. Sun Oil Co. (Delaware)*, 705 F.2d 742, 744 (5th Cir. 1983). "[T]his Court need not determine whether offensive or defensive collateral estoppel is involved here because precedent illustrates that ***fairness is always an appropriate factor when considering collateral estoppel***." *Watts v. XL Sys., L.P.*, No. CIV.A. 1:06-CV-653LY, 2008 WL 5731945, at *11 (W.D. Tex. July 2, 2008).

Due to Google's fraudulent misconduct, CyWee did not have a "full and fair opportunity" to litigate any issues regarding Google's real parties-in-interest before

the PTAB because if Google had told the truth as it was statutorily required to do, there would have been nothing for the PTAB to litigate. Google made fraudulent misrepresentations to the PTAB to trick the PTAB into conducting the IPR in the first instance. If Samsung and LG had been named as real parties-in-interests, or the facts had been fully disclosed as required by statute, no IPR would have been instituted, and no final written decision would have ever been issued. Google now seeks to use issue preclusion as a shield to prevent any claims that challenge Google's knowing, intentional misconduct which the PTAB chose to ignore. Applying issue preclusion in this case is fundamentally unfair, and equitable principles weigh heavily against its application. Issue preclusion is intended to be a tool for judicial economy, not a weapon to immunize fraudulent misconduct from judicial review. Accordingly, this Court should exercise its discretion to decline to apply issue preclusion.

### III. CONCLUSION

Google's Motion to Dismiss is without merit and should be denied. Alternatively, CyWee resurges its request to conduct jurisdictional discovery. The discovery CyWee seeks will not only reveal *where* Google committed and directed its fraud—Texas—but the fraud itself. That is why Google is seeking to smother this case in its crib. The Court should not allow it.

Dated: July 14, 2020          Respectfully submitted,

         By:   /s/ *Michael W. Shore*
            Michael W. Shore (Texas 18294915)
            mshore@shorechan.com
            Alfonso G. Chan (Texas 24012408)
            achan@shorechan.com
            Ari B. Rafilson (Texas 24060456)
            (application pending)
            arafilson@shorechan.com
            William D. Ellerman (Texas 24007151)
            wellerman@shorechan.com
            Corey M. Lipschutz (Texas 24099303)
            clipschutz@shorechan.com
            SHORE CHAN DEPUMPO LLP
            901 Main Street, Suite 3300
            Dallas, Texas 75202
            Tel: (214) 593-9110
            Fax: (214) 593-9111

         **COUNSEL FOR PLAINTIFF**
         **CYWEE GROUP LTD.**

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the CM/ECF electronic filing system on July 14, 2020.

/s/ *Michael W. Shore*
Michael W. Shore
