IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:20-cv-00128-ADA-JCM |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Sur-replies "are heavily disfavored" and require a showing of "exceptional or extraordinary circumstances" and "good cause." *Silo Restaurant Inc. v. Allied Property and Casualty Ins. Co.*, 420 F. Supp. 3d 562, 570-71 (W.D. Tex. 2019). CyWee's sur-reply falls well short of this standard. The two allegedly "new" arguments from Google—related to (1) judicial review of PTAB party-in-interest rulings and (2) an equitable exception to collateral estoppel—are not new and do not support a sur-reply.[1] Google's motion to dismiss explained that PTAB party-in-interest rulings are not subject to judicial review; and Google's reply *responded* to CyWee's erroneous argument that an equitable exception to collateral estoppel could apply here. CyWee's sur-reply "amounts to little more than a strategic effort … to have the last word on [the] matter." *Id.* (plaintiffs "have not shown exceptional or extraordinary circumstances," and the sur-reply "appears to be little more than rehashing of prior arguments"); *Manchester Texas Fin. Grp. v. Badame*, 2019 WL 4228370,

---

[1] Google's motion to dismiss also raises arguments that compel dismissal for independent reasons that have nothing to do with the issues in CyWee's proposed sur-reply, including that (1) the Court lacks personal jurisdiction, (2) CyWee's fraud claim is precluded, and (3) CyWee failed to plead a fraud claim. Dkts. 11, 24.

at *1 n.1 (W.D. Tex. Sept. 4, 2019).

First, CyWee contends the Supreme Court's decision in *Thryv v. Click-to-Call Techs., L.P.*, 140 S. Ct. 1367 (2020), raised new issues in Google's reply.  But in its opening motion, Google argued CyWee's fraud claim was preempted and the PTAB's party-in-interest ruling underlying that claim was not judicially reviewable.  On reply, Google simply explained that *Thryv* reinforced Google's argument because, as the Supreme Court held, "Congress entrusted [the party-in-interest] decision to the [PTAB]."  Dkt. 11 at 12-13; Dkt. 24 at 4-5 (quoting *Thryv*, 140 S. Ct. at 1376 (rejecting argument that "Congress would have limited the agency's institution authority under § 315(b) without ensuring judicial supervision")).  Moreover, CyWee's attempt to distinguish *Thryv* because it involved a "direct appeal" of the party-in-interest issue, whereas this case involves no direct appeal, is unfounded.  The Supreme Court's reasoning in *Thryv*—that the PTAB alone is responsible for resolving party-in-interest issues under 35 U.S.C. § 315(b)—applies equally here, since CyWee's fraud claim fundamentally contests the PTAB's decision.  CyWee's attempt to sidestep *Thryv* by parroting its "fraud or sham" argument based on *Hunter Douglas*—which CyWee admits it "discussed in [its] Response" to Google's opening motion—confirms that its sur-reply merely rehashes its meritless opposition arguments.  Dkt. 25-1 at 1-2.[2]

Second, CyWee contends Google's argument—that an equitable exception applies only to offensive collateral estoppel—warrants a sur-reply because the argument is supposedly "new" and wrong.  Dkt. 25-1 at 3.  But Google's argument is a ***direct*** response to CyWee's opposition argument that an equitable exception should apply.  Dkt. 24 at 6-7; Dkt. 23 at 9-11; *Silo Restaurant*, 420 F. Supp. 3d at 570 (reply briefs address "arguments raised in the response or memorandum in opposition").  CyWee's sur-reply improperly attempts to revive its failed argument and "have the

---

[2] Google's reply explains why CyWee's "fraud or sham" argument is misguided.  Dkt. 24 at 5-6.

last word on the matter." *Silo Restaurant*, 420 F. Supp. 3d at 570.  Further, CyWee's sur-reply completely ignores Fifth Circuit law that makes clear that "equitable considerations apply only to offensive collateral estoppel"—i.e., when a plaintiff seeks to estop a defendant from relitigating issues it previously litigated and lost.  Dkt. 24 at 6-7; *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 548-49 (5th Cir 2013) (the district court "erred in relying on equitable factors," citing authority that "some of our decisions improperly suggest the equitable factor applies to all collateral estoppel situations"); *Rougeux v. Int'l Bank of Commerce*, 2014 WL 12872429, at *3 & n.2 (W.D. Tex. Apr. 14. 2014).  Thus, even were the Court to consider CyWee's improper sur-reply, it should reject this argument as contrary to well-established Fifth Circuit law.[3]

Dated:  July 20, 2020

/s/ *Paige Arnette Amstutz*

Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
Adam M. Kaplan (*Pro Hac Vice*)
akaplan@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

Paige Arnette Amstutz
State Bar No. 00796136
**SCOTT DOUGLASS & McCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701-2589
(512) 495-6300
(512) 495-6399 (fax)

***Attorneys for Defendant Google LLC***

---

[3] CyWee's fraud claim is independently barred by the related res judicata doctrine.  Dkt. 24 at 8.

## CERTIFICATE OF SERVICE

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 20, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                */s/ Paige Arnette Amstutz*
                                                Paige Arnette Amstutz