IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CYWEE GROUP LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | C.A. NO. 6:20-CV-00128-ADA-JCM |
| v. | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER AND REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
       **UNITED STATES DISTRICT JUDGE**

This Order and Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Google LLC's Motion to Dismiss First Amended Complaint (Def.'s Mot. to Dismiss, ECF No. 11, hereafter "Motion to Dismiss"), Plaintiff's Motion for Jurisdictional Discovery (Pl.'s Mot. for Jurisdictional Disc., ECF No. 17), Defendant's Opposition to Plaintiff's Motion for Jurisdictional Discovery (Def.'s Opp'n to Pl.'s Mot. for Jurisdictional Disc., ECF No. 18), Plaintiff's Response to Defendant's Motion to Dismiss (Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 23), Defendant's Reply in Support of its Motion to Dismiss (Def.'s Reply in Supp. of its Mot. to Dismiss, ECF No. 24), Plaintiff's Motion for Leave to File Sur-Reply (Pl.'s Mot. for Leave, to File Sur-Reply ECF No. 25), and Defendant Google LLC's Response to Plaintiff's Motion for Leave to File Sur-Reply (Def.'s Resp. to Pl.'s Mot. for Leave to File Sur-Reply, ECF No. 26).

1

For the reasons discussed below, the Court **ORDERS** the Motion for Jurisdictional Discovery and the Motion for Leave to File Sur-Reply be **DENIED** and **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I. Background

Plaintiff CyWee Group Ltd. ("Plaintiff" or "CyWee") filed this action on February 18, 2020 alleging fraud against Defendant Google LLC ("Defendant" or "Google"). Pl.'s First Am. Compl. at 1, ECF No. 4. CyWee is a corporation existing under the laws of the British Virgin Islands with its principal place of business at 3F, No. 28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462. *Id*. CyWee is a technology company with a significant patent portfolio and is a market leader in the areas of motion processing, facial tracking technology, and wireless high definition video delivery. *Id.* The patents involved in this case include U.S. Patent No. 8,441,438 (the "438 patent") and U.S. Patent No. 8,552,978 (The "978 patent") (collectively "CyWee's Patents"). *Id*.

Defendant Google LLC is a Delaware limited liability company and a wholly owned subsidiary of XXVI Holdings Inc., a Delaware corporation that is a wholly owned subsidiary of Alphabet Inc. a Delaware corporation and a publicly traded company. *Id*. at 2. Google's principal place of business is at 1600 Amphitheatre Parkway, Mountain View, California 94043. *Id*.

CyWee pleads that this Court has specific personal jurisdiction over Google because Google committed a tort in whole or in part within the State of Texas. *Id*. at 3. CyWee also avers that the suit arises in part from Google's contacts with the State of Texas which "include, but are not limiting [sic] to: (1) directing its fraudulent misrepresentations to Texas, (2) knowingly and

intentionally injecting itself into litigation pending in the State of Texas, and (3) conspiring with Texas based entities Huawei and ZTE." *Id*. In addition, CyWee pleads that this Court's exercise of jurisdiction over Google does not offend traditional notions of fair play and substantial justice and is consistent with the constitutional due process requirements. *Id*.

CyWee notes that Google maintains a significant business presence in Texas with offices in Austin and avers that litigating in this District does not impose any significant burden on Google. *Id*. CyWee further argues that Texas has a significant interest in protecting against fraud directed to and related to Texas. *Id*.

CyWee notes in its complaint that Google sought to pursue an *inter partes review* ("IPR") proceeding before the United States Patent and Trademark Office ("USPTO") to invalidate CyWee's patents. *Id*. at 13-14. CyWee alleges that LG, ZTE, and other Android device manufacturers formed a joint defense group to invalidate CyWee's Patents. *Id*. at 14. Google denies the existence of the joint defense group with the goal of invalidating CyWee's patents. Def.'s Mot. to Dismiss at 6, ECF No. 11. In response to CyWee's fraud claim, Google argues the common law fraud claim should be dismissed because there is no personal jurisdiction. *Id*. at 1. Google asserts the Court lacks personal jurisdiction because Google is not "at home" in Texas. *Id*. Google also claims the Court lacks specific personal jurisdiction because Texas has no meaningful relationship to CyWee's fraud allegation as the PTAB proceedings occurred outside of Texas. *Id*.

On April 16, 2020, Google filed its Motion to Dismiss. Def.'s Mot. to Dismiss at 1, ECF No. 11. In response, on May 8, 2020, CyWee filed a Motion for Jurisdictional Discovery. Pl.'s Mot. for Jurisdictional Disc. at 1, ECF No. 17. Thereafter, Responses and Replies were filed for both motions. CyWee filed a Motion for Leave to File Sur-Reply on July 14, 2020. Pl.'s Sur-Reply

in Opp'n to Def.'s Mot. to Dismiss at 1, ECF No. 25. Google filed its Response on July 20, 2020. Def.'s Resp. to Pl.'s Mot. for Leave to File Sur-Reply, ECF No. 26.

## II. Legal Standard

### A. Personal Jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted); *Soto v. Vanderbilt Mortg. & Fin., Inc.*, No. CIV.A. C-10-66, 2010 WL 1790177, at *3 (S.D. Tex. May 3, 2010). A dismissal for lack of personal jurisdiction is not a judgment on the merits, and thus, is not a dismissal with prejudice. *See* Fed. R. Civ. P. 41(b); *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 666-67 (5th Cir. 2004).

A federal court may exercise personal jurisdiction over a foreign defendant if (1) that defendant has purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (quoting *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)). Both of these requirements must be met in order to comply with due process. *Id*. The Texas long-arm statute authorizes the exercise of

4

personal jurisdiction to the limits allowed by the Due Process Clause of the Fourteenth Amendment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 1997).

"A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that [he] should reasonably anticipate being haled into court there.'" *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 379 (5th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The Fifth Circuit applies a three-step analysis for this specific jurisdiction issue: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (citing S*eiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). The Supreme Court has stated that for a state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

A few principles have emerged to help guide a court's understanding of personal jurisdiction. First, a defendant's contacts with the forum must be "contacts that the 'defendant himself' creates with the forum State." *Id.* (quoting *Burger King*, 471 U.S. at 475). Second, the principles and limits of jurisdiction "principally protect the liberty of the nonresident defendant— not the convenience of the plaintiff or third parties." *Walden,* 571 U.S. at 284 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)).

The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and

5

the forum State." *Id*. "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id*. (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Stated another way, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*.

## B. Jurisdictional Discovery.

The district court has broad discretion on whether to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). A plaintiff is not entitled to conduct jurisdictional discovery unless he first makes "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). For a plaintiff to make this showing, he must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id*. (quoting Toys "R" Us, Inc. v. Step Two, 318 F. 3d 446, 456 (3rd Cir. 2003)).

In other words, the plaintiff must state what facts he believes discovery would uncover and how those facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.), *cert. denied*, 531 U.S. 979 (2000). In contrast, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt*, 686 F.2d at 284. Accordingly, the Fifth Circuit has approved the denial of jurisdictional discovery where the discovery sought "could not have added any significant facts." *Id*.

### III. Discussion

**A. CyWee's Motion for Leave to File Sur-Reply is denied.**

As discussed in Section III(C), *infra*, the Court has ultimately determined that it lacks personal jurisdiction over Defendant Google. As a result, the Court will not make a determination on Defendant's 12(b)(6) grounds for dismissal. *See* Section III(D), *infra*. Plaintiff's proposed Sur-Reply only addresses 12(b)(6) issues. *See* Pl.'s Proposed Sur-Reply, ECF No. 25-1. Accordingly, the Court **ORDERS** Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 25) **DENIED.**

**B. CyWee's request for jurisdictional discovery is not appropriate because it has not shown that discovery would produce the facts needed to withstand a 12(b)(2) motion.**

It its Motion for Jurisdictional Discovery, CyWee repeats the same allegations of specific jurisdiction from its First Amended Complaint, namely, that "Google's contacts include, but are not limiting [sic] to: (1) directing its fraudulent misrepresentations to Texas, (2) knowingly and intentionally injecting itself into litigation pending in the State of Texas, and (3) conspiring with Texas based entities Huawei and ZTE." Pl.'s Mot. for Jurisdictional Disc. at 1-2, ECF No. 17. CyWee argues that this allegation shows the possible existence of jurisdiction in Texas and therefore the burden of establishing entitlement to jurisdictional discovery is met. Pl.'s Reply in Supp. of Mot. for Jurisdictional Disc. at 3, ECF No. 19. CyWee argues the jurisdictional discovery is not a "fishing expedition," but rather an attempt to prove Google's conspiracy with Android phone makers and the connection to a separate Eastern District of Texas case involving Samsung and CyWee. *Id*.

Google argues CyWee never made a preliminary showing of jurisdiction and does not explain how jurisdictional discovery will uncover specific facts that would support jurisdiction. Def.'s Opp'n to Pl.'s Mot. for Jurisdictional Disc. at 5, ECF No. 18. In addition, Google argues CyWee fails to describe how jurisdictional discovery will resolve any factual disputes necessary

to withstand Google's Motion to Dismiss. *Id*. Google's jurisdictional arguments are based entirely on CyWee's own allegations. *Id*. at 5-6. CyWee did not offer any factual allegations related to the conspiracy with Huawei and ZTE and describe how the discovery would connect the Eastern District of Texas litigation to those parties. *Id*. at 6.

CyWee hopes to discover information about a conspiracy between Google and Samsung related to the *Bachmann* prior art reference[1] in a separate Eastern District of Texas case. *Id*. Google avers that the PTAB already held that this claim was baseless and, even if true, the conspiracy would not bear on this litigation. *Id*. at 6-7. CyWee's fraud claim is based on Google's party-in-interest disclosures in its IPR petitions filed with the U.S. Patent and Trademark Office that CyWee alleges knowingly omitted LG and Samsung causing injury to CyWee. Pl.'s Mot. for Jurisdictional Disc. at 1, ECF No. 17.

The Court, therefore, is at a loss for how specious, conclusory allegations that Google engaged in "meetings" with Samsung in Texas would bear on this Court's jurisdiction over Google. Even if the meetings in fact occurred (an allegation that Google emphatically denies), the crux of CyWee's Complaint turns on actions Google allegedly took in a PTAB proceeding in Virginia. *See* Def.'s Opp'n to Pl.'s Mot. for Jurisdictional Disc. at 1. Further, evidence that Google consulted with Samsung on the Eastern District of Texas litigation would not be sufficient to confer personal jurisdiction over Google. *See* Section III(C), *infra*. The Court should not "permit discovery on matters of personal jurisdiction unless [Google's] motion to dismiss raises issues of

---

[1] CyWee describes the *Bachmann* reference as "the key reference that supported Google's [in partes review petitions]." Pl.'s Mot. for Jurisdictional Disc. at 3-4. CyWee generally contends that Google conspired with Samsung to have Samsung drop the *Bachmann* prior art reference in Eastern District of Texas case so that "the *Bachmann* reference in the IPR would not be preempted or compromised by an earlier ruling in the fast approaching EDTX Litigation." Pl.'s Reply in Supp. of Mot. for Jurisdictional Disc. at 3.

fact" jurisdictional discovery would resolve. *Catalyst Medium Four, Inc. v. CardShark, LLC*, 2015 WL 1412591, at 8 (W.D. Tex. Mar. 26, 2015).

The district court has broad discretion on whether to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). The Fifth Circuit has approved the denial of jurisdictional discovery where the discovery sought "could not have added any significant facts." *Id*. Given CyWee's inability to establish a prima facie case for personal jurisdiction, it is unlikely additional discovery information on Google's contacts with Texas would add any "significant facts," especially because the theories on which CyWee seeks discovery would not confer personal jurisdiction over Google. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 200). Therefore, the Court **ORDERS** CyWee's Motion for Jurisdictional Discovery be **DENIED**.

**C. This Court does not have personal jurisdiction over Google.**

Google does not have minimum contacts with Texas sufficient to establish personal jurisdiction by this Court. First, there can be no general jurisdiction in Texas over Google because Google's place of incorporation is Delaware and principal place of business is in California. Pl.'s First Am. Compl. at 2, ECF No. 4; *see Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Therefore, CyWee must establish specific jurisdiction over Google to establish personal jurisdiction.

CyWee cannot establish specific jurisdiction in this case. CyWee's fraud claim does not arise out of or relate to Google's contacts with Texas. *Sangha v. Navig8 ShipManagement*, 882 F.3d 96, 101 (5th Cir. 2018). "A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that [he] should reasonably anticipate being haled into court there.'" *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374,

9

379 (5th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The Fifth Circuit applies a three-step analysis for this specific jurisdiction issue: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (citing S*eiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). The Supreme Court has stated that for a court to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

CyWee's fraud claim is premised on Google's omission of Samsung and LG as parties-in-interest in its IPR petitions filed with the PTAB in Virginia, but the events related to those proceedings did not occur in Texas. Pl.'s First Am. Compl. at 17, 20, ECF No. 4. CyWee cites three Texas "contacts" made by Google to establish specific jurisdiction: (1) Google directing its fraudulent misrepresentation to Texas, (2) Google knowingly and intentionally injecting itself into litigation pending in the State of Texas, and (3) Google conspiring with Texas based entities Huawei and ZTE." *Id*. at 2.

First, the misrepresentations in Google's IPR petition were not directed to Texas but rather to Virginia. CyWee claims Google omitted LG and Samsung as parties-in-interest in its IPR petitions filed with the PTAB in Virginia, but none of those events happened in Texas. Def.'s Mot. to Dismiss at 10, ECF No. 11. Google's lead counsel in the IPR proceedings, Smith Baluch LLP, is located in California and Washington, D.C. and not Texas. *Id*. CyWee claims a connection to

Texas because fraudulent misrepresentations were sent to CyWee's counsel in Texas. Pl.'s First Am. Compl. at 20, ECF No. 4. In addition, CyWee claims "Google directed its IPR petition and false disclosures to the [PTAB] with the intention that the misrepresentations reach CyWee and induce CyWee's reliance." *Id*. But CyWee requested additional discovery into the parties-in-interest, which the PTAB denied. Def.'s Reply in Supp. of its Mot. to Dismiss at 3, ECF No. 24. CyWee also moved to terminate the IPR based on the party-in-interest issue which the PTAB denied. *Id*. No legal support was offered by CyWee that mere service of an IPR petition filed in the PTAB confers jurisdiction. *Id*. Service alone is insufficient for personal jurisdiction. *Allred v. Moore & Peterson*, 117 F.3d 278, 287 (5th Cir. 1997). Google's service of process to CyWee's attorney in the PTAB proceeding did not establish personal jurisdiction.

Second, Google did not appear in the Eastern District of Texas litigation. In fact, CyWee avers only that it discussed strategy with defense counsel. Pl.'s Mot. for Jurisdictional Disc. at 3-4, ECF No. 17. Participating in litigation in this manner cannot itself subject Google to the Court's jurisdiction. *See Halliburton Energy Servs. V. Ironshore Specialty Ins.*, 921 F.3d 522, 541 (5th Cir. 2019). Conduct furthering litigation strategy does not provide necessary contacts for personal jurisdiction. *Columbia Sportswear N.A. v. Seirus Innovative Accessories*, WL 1865858, at *5 (D. Or. Apr. 14, 2020). Alleging a bad act like fraud "may be sufficient to state a claim for relief, but it is not sufficient to plead jurisdiction." *Id*. Google's alleged involvement in the Eastern District of Texas litigation does not confer jurisdiction.

Third, Huawei and ZTE are not parties or otherwise alleged to have a meaningful connection to this suit. CyWee claims Huawei and ZTE, who are headquartered in Texas, are connected to this suit through a "joint defense group with the purpose of invalidating CyWee's patents. Pl.'s First Am. Compl. at 14, ECF No. 4. Courts do not "credit conclusory allegations,

11

even if uncontroverted," including those made "on information and belief." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001). CyWee's allegations are conclusory and do not confer jurisdiction.

Because CyWee has not shown sufficient contacts with Texas, this Court lacks personal jurisdiction and dismissal under Rule 12(b)(2) is appropriate. The Court, therefore, **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED IN PART** with respect to the 12(b)(2) ground.

### D. Due to a lack of personal jurisdiction the Court does not address the merits of the additional claims.

Because this Court lacks personal jurisdiction, the Court does not reach the other issues raised in Google's Motion to Dismiss. *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (noting personal jurisdiction is an essential element of the jurisdiction of a district court without which the court is powerless to proceed to an adjudication). For a federal court to reach the merits of a claim, it must first have jurisdiction. *See id.*; *Lorenz v. Tex. Workforce Comm'n*, 211 Fed. App'x 242, 244 (5th Cir. 2006); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (noting that without jurisdiction, federal courts lack the power to adjudicate claims). Because personal jurisdiction with respect to Google has not been established, Defendant's Motion should be **DENIED AS MOOT** with respect to the other grounds raised in the Motion.

### IV. RECOMMENDATION

After thoroughly reviewing the record, the undersigned **ORDERS** the Plaintiff's Motion for Jurisdictional Discovery and the Motion for Sur-Reply be **DENIED**. The undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED IN PART** with respect to the 12(b)(2) ground and **DENIED AS MOOT** with respect to the other grounds raised in

Defendant's Motion**,** and that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure (12)(b)(2).

## V. OBJECTIONS

The parties may wish to file objections to this Order and Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 18th day of August, 2020.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE