IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., | |
| Plaintiff, | CASE NO. 6:20-cv-00128-ADA-JCM |
| v. | |
| GOOGLE LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

**PLAINTIFF'S OBJECTIONS TO
ORDER AND REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), Plaintiff CyWee Group Ltd. ("Plaintiff" or "CyWee") objects to and seeks reconsideration of Magistrate Judge Jeffrey C. Manske's August 18, 2020[1] Order and Report and Recommendation (Dkt. No. 27), and in support thereof shows as follows:

### I.  BACKGROUND

CyWee brought the instant action against Defendant Google LLC ("Defendant" or "Google") alleging common law fraud. In its First Amended Complaint, CyWee provides several bases for this Court's personal jurisdiction over Google. *See* Dkt. No. 4 ("First Amended Complaint") ¶¶ 5–6. Among other things, CyWee pleads, "Google's contacts include, but are not limiting to: (i) directing its fraudulent misrepresentations to Texas, (ii) knowingly and intentionally injecting itself into

---

[1] The Order and Report and Recommendation was signed August 18, 2020, however, it was not served until August 20, 2020.

litigation pending in the State of Texas, and (iii) conspiring with Texas based entities Huawei and ZTE." *Id.* at ¶ 5.

Google brought a Motion to Dismiss (Dkt. No. 11) arguing that this Court lacks personal jurisdiction and alleging that CyWee has failed to state a claim. In response, CyWee sought leave to take jurisdictional discovery. Dkt. No. 17. In his Order and Report and Recommendation, the Magistrate Judge denied CyWee leave to take jurisdictional discovery and recommended that this action be dismissed for lack of personal jurisdiction.

## II.     ARGUMENT

The Magistrate Judge erred by: (i) denying CyWee jurisdictional discovery, and (ii) recommending this action be dismissed prior to allowing CyWee an opportunity to take jurisdictional discovery.

"When the defendant disputes the factual bases for jurisdiction . . . the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). "To be entitled to jurisdictional discovery, the plaintiff must make a 'preliminary showing of jurisdiction.' ***This preliminary showing is a lesser standard than a prima facie case of jurisdiction***; the plaintiff need only present 'factual allegations that suggest with reasonable particularity the *possible existence* of the requisite contacts.'" *Corder v. BBG Commc'ns, Inc.*, No. CIV.A. W-11-CA-00264, 2012 WL 3843691, at *10

(W.D. Tex. July 30, 2012) (Smith, J.) (emphasis added) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2012 WL 1551727, at *12 (S.D. Tex. Apr. 30, 2012) (quoting *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010)).

> In his Order and Report and Recommendation, the Magistrate Judge found:
>
> "Given CyWee's inability to establish a ***prima facie case*** for personal jurisdiction, it is unlikely additional discovery information on Google's contacts with Texas would add any 'significant facts,' especially because the theories on which CyWee seeks discovery would not confer personal jurisdiction over Google. Therefore, the Court **ORDERS** CyWee's Motion for Jurisdictional Discovery be **DENIED**."

Dkt. No. 27 at 9 (internal citations omitted) (emphasis added). To be entitled to jurisdictional discovery, a plaintiff "need only present factual allegations that suggest with reasonable particularity the ***possible existence*** of the requisite contacts." *Corder*, 2012 WL 3843691, at *10 (emphasis added). This is "a ***lesser standard*** than a prima facie case of jurisdiction." *Id.* Accordingly, the Magistrate Judge incorrectly held CyWee to a higher standard of proof.

As demonstrated through its pleadings and briefing, CyWee has shown the possible existence of requisite contacts. The jurisdictional discovery would allow CyWee to gather further evidence that shows substantial portions of Google's fraudulent conspiracy are connected to Texas and were intended to impact the EDTX Litigation. Therefore, the Magistrate Judge erred in denying jurisdictional discovery.

Accordingly, the Court should reconsider the Magistrate Judge's ruling and grant CyWee jurisdictional discovery.

Furthermore, the Magistrate Judge's recommendation that this action be dismissed is premature. As discussed above, CyWee is entitled to take jurisdictional discovery. That discovery is likely to lead to additional facts establishing Google's jurisdictional ties to Texas. Therefore, the Court should decline to adopt the Magistrate Judge's recommendation this case be dismissed and defer ruling on Google's Motion to Dismiss until jurisdictional discovery is completed.

Dated: September 3, 2020         Respectfully submitted,

                                      By:  /s/ *Michael W. Shore*
                                               Michael W. Shore (Texas 18294915)
                                               mshore@shorechan.com
                                               Alfonso G. Chan (Texas 24012408)
                                               achan@shorechan.com
                                               Ari B. Rafilson (Texas 24060456)
                                               (application pending)
                                               arafilson@shorechan.com
                                               William D. Ellerman (Texas 24007151)
                                               wellerman@shorechan.com
                                               Corey M. Lipschutz (Texas 24099303)
                                               clipschutz@shorechan.com
                                               SHORE CHAN DEPUMPO LLP
                                               901 Main Street, Suite 3300
                                               Dallas, Texas 75202
                                               Tel: (214) 593-9110
                                               Fax: (214) 593-9111

                                               **COUNSEL FOR PLAINTIFF**
                                               **CYWEE GROUP LTD.**

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the CM/ECF electronic filing system on September 3, 2020.

*/s/ Michael W. Shore*
Michael W. Shore
