**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:20-cv-00128-ADA-JCM |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT GOOGLE LLC'S RESPONSE TO  PLAINTIFF'S OBJECTIONS TO
ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE</u>**

## I.      INTRODUCTION

The Magistrate Judge correctly denied CyWee jurisdictional discovery and recommended that CyWee's lone claim for common law fraud in the First Amended Complaint be dismissed for lack of personal jurisdiction.  CyWee does *not* contest the dismissal itself or argue it adequately pled personal jurisdiction.  For good reason: the fraud claim is based entirely on allegations that Google failed to disclose two "parties-in-interest" in its petitions for inter partes review ("IPR") filed with the Patent Trial and Appeal Board ("PTAB") in Virginia—a claim that turns exclusively on events in the PTAB with no material connection to Texas.  Instead, CyWee objects *only* to the denial of its discovery request (and says the dismissal was "premature" on that basis).  CyWee's objections are meritless and should be overruled.

The Magistrate Judge's denial of CyWee's discovery request was correct, well within its discretion, and certainly not "clearly erroneous" or "contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Matheson Tri-Gas v. Williamson Gen. Contractors*, 2018 WL 4938934, at *1 (W.D. La. Oct. 11, 2018) (a ruling on a jurisdictional discovery request "is a non-dispositive matter" that must be upheld unless "clearly erroneous or contrary to law").  CyWee argues that the Magistrate Judge misapplied the discovery standard and that CyWee only had to make a "preliminary showing" of personal jurisdiction by "presenting factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts."  Dkt. 28 at 2-3.  But that *is* the standard applied by the Magistrate Judge, who repeatedly cited the same language that CyWee cites.  Dkt. 27 at 6-9.  The Magistrate Judge held—based on settled Fifth Circuit law— that CyWee had not made a preliminary showing because the discovery it sought would not add "significant facts" or otherwise help to resolve a factual dispute necessary to the motion to dismiss.  Because CyWee's fraud claim depends solely on events at the PTAB, the requested discovery— about a vague and unfounded "conspiracy" with Samsung related to a *separate* litigation in the

Eastern District of Texas—was not relevant to *this* litigation or helpful to resolve Google's motion. Indeed, CyWee seems to admit as much, conceding that the evidence it hoped to uncover was "intended to impact the EDTX Litigation." Dkt. 28 at 3. Thus, the Magistrate Judge was right to deny CyWee's fishing expedition for imagined evidence that would serve no benefit here other than to impose burden and cost on the parties and the Court.

## II.    RELEVANT BACKGROUND

**CyWee's Fraud Claim.** As explained in Google's motion to dismiss and in the Magistrate Judge's Order, CyWee's First Amended Complaint ("FAC") asserts one claim for common law fraud. Dkt. 11 at 3-8; Dkt. 27 at 2, 8.[1] That claim is premised entirely on Google's allegedly deficient IPR petitions filed at the PTAB in Virginia. *Id*. CyWee claims Google improperly failed to disclose that LG and Samsung were "parties-in-interest" to avoid a time-bar under 35 U.S.C. § 315(b). *Id.* CyWee made this same accusation against Google (based on the same alleged "evidence" pled in the FAC) directly to the PTAB in a motion to terminate the IPR, but the PTAB squarely rejected it, holding that "LG [and] Samsung are not real parties in interest" and Google's petitions were "not time-barred under 35 U.S.C. § 315(b)." Dkt. 11 at 3-8; Dkt. 11-1 at 11-40. The PTAB proceedings indisputably occurred entirely outside of Texas, and thus the fraud claim depends on events with no connection to Texas.

**Google's Motion to Dismiss.** Google moved to dismiss the FAC on the grounds that the Court lacks personal jurisdiction and that the fraud claim fails as a matter of law because it is preempted by federal law, barred by principles of collateral estoppel and res judicata, and inadequately pled under Texas law. Dkt. 11. On the jurisdictional issue, the Court lacks general personal jurisdiction because Google is not "at home" in Texas (it is neither formed nor

---

[1] For the Court's convenience, Google recites only the background relevant to CyWee's objections. A full recitation of the facts is set forth in Google's motion to dismiss. Dkt. 11.

headquartered there), and CyWee did not even plead general jurisdiction. *Id.* at 9-12; Dkt. 27 at 9-12. The Court lacks specific jurisdiction because the fraud claim does not depend on (or "arise out of") any Google contacts with Texas. Instead, it turns solely on events before the PTAB, notwithstanding CyWee's conclusory allegations of jurisdiction (Dkt. 4 ¶ 5) based largely on an unrelated Eastern District of Texas litigation and an alleged "conspiracy" with entities that are neither parties here nor otherwise relevant to this case. *Id.*

**CyWee's Request for Jurisdictional Discovery and the Magistrate Judge's Order.** In response to Google's motion to dismiss, CyWee sought jurisdictional discovery about an alleged "conspiracy" with Samsung "related to the *Bachmann* prior art reference in a separate Eastern District of Texas case." Dkt. 27 at 8-9; Dkt. 17 at 3-4; Dkt. 18 at 6-8. Magistrate Judge Manske denied CyWee's request, explaining that he has "broad discretion" to permit (or deny) such discovery and that a plaintiff must show "with reasonable particularity the possible existence" of jurisdiction by stating "what facts he believes discovery would uncover and how that facts would support jurisdiction." Dkt. 27 at 7 (the "Fifth Circuit has approved the denial of jurisdictional discovery where the discovery sought 'could not have added any significant facts'"). Because CyWee's fraud claim is based on Google's party-in-interest disclosures filed with the PTAB in Virginia, Judge Manske held any alleged "meetings" with Samsung related to the separate Eastern District of Texas litigation—which Google denies occurred and which the PTAB already held did not render Samsung a party-in-interest—would not "bear on this Court's jurisdiction over Google" or help resolve Google's motion to dismiss. *Id.* at 8-9. Judge Manske further recommended dismissal of the FAC for lack of personal jurisdiction. *Id.* at 9-12.[2]

**CyWee's Objections.** In its objections, CyWee argues only that the Magistrate Judge

---

[2] The Magistrate Judge did not reach Google's numerous other independent grounds for dismissal under Rule 12(b)(6). *See* Dkt. 27 at 12; Dkt. 11 at 12-20.

"erred in denying jurisdictional discovery."  Dkt. 28 at 3-4.  CyWee does not argue that the FAC adequately pleads personal jurisdiction in the first instance, saying only that the Magistrate Judge's recommendation to dismiss the FAC was "premature" because CyWee believes it was entitled to jurisdictional discovery.  *Id.*

## III.    LEGAL STANDARD

A magistrate judge's order regarding a non-dispositive matter, such as a discovery request, is reviewed under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); *Matheson*, 2018 WL 4938934, at *1; *U.S. v. Pate*, 2016 WL 4054912, at *2 (E.D. Tex. Jul. 29, 2016) (a motion for discovery is non-dispositive matter that is reviewed under a "clearly erroneous or contrary to law standard"); *Contogouris v. WestPac Resources, LLC*, 2011 WL 13213622, at *1-2 (E.D. La. June 20, 2011).  This highly deferential standard requires the Court to affirm the magistrate judge's decision unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed."  *E.g.*, *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  A magistrate judge's determination regarding a dispositive matter is typically reviewed de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

## IV.    CYWEE'S OBJECTIONS ARE MERITLESS AND SHOULD BE OVERRULED

CyWee's lone objection is that the Magistrate Judge "incorrectly held CyWee to a higher standard of proof" than permitted in denying CyWee discovery.  Dkt. 28 at 2-3.  But CyWee does not come close to meeting its burden of showing that the Magistrate Judge's denial of its discovery request was clearly erroneous or contrary to Fifth Circuit law, as is required here.  Even under de novo review, the Magistrate Judge's ruling was indisputably correct (and well within his broad discretion).  CyWee's objections are meritless under any standard and should be overruled.

First, the Magistrate Judge applied the correct (and hardly controversial) standard of proof.

CyWee says that for jurisdictional discovery, it "need only present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." Dkt. 28 at 3. That is precisely the standard applied by the Magistrate Judge, who explained that "[a] plaintiff is not entitled to conduct jurisdictional discovery unless he first makes 'a preliminary showing of jurisdiction'" by presenting "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." Dkt. 27 at 6 (citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)); *Moon v. Sandals Resort*, 2013 WL 12396985, at *7 (W.D. Tex. Dec. 27, 2013); *Bar Grp., LLC v. Business Intelligence Advisors*, 215 F. Supp. 3d 524, 545 (S.D. Tex. 2017). The Magistrate Judge further explained, correctly, that under this standard, courts have "broad discretion" to deny jurisdictional discovery where a plaintiff fails to articulate how the facts it hopes to uncover "would support personal jurisdiction." Dkt. 27 at 6, 8-9 (the Court should "not 'permit discovery on matters of personal jurisdiction unless [Google's] motion to dismiss raises issues of fact' jurisdictional discovery would resolve") (citing *Catalyst Medium Four v. CardShark*, 2015 WL 1412591, at *8 (W.D. Tex. Mar. 26, 2015)). Indeed, as the Magistrate Judge noted, the Fifth Circuit has consistently "approved the denial of jurisdictional discovery where the discovery sought 'could not have added any significant facts.'"[3] *Id.* (citing *Kelly v. Syria Shell*, 213 F.3d 841, 856 (5th Cir. 2000); *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)); *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000).

---

[3] CyWee quibbles with the Magistrate Judge's use of the term "prima facie case" in one sentence of its Order. Dkt. 28 at 3. But nothing about that sentence—in isolation or otherwise—suggests the Magistrate Judge applied the wrong standard. As explained above, the Magistrate Judge indisputably applied Fifth Circuit law holding that jurisdictional discovery can be denied when the facts sought would not be relevant or helpful and cited language that mirrors that cited by CyWee. Indeed, the Fifth Circuit itself has used the same "prima facie" language in affirming denials of jurisdictional discovery when the lower court held "well within its discretion" that the request would not "add any significant facts." *E.g.*, *Monkton*, 768 F.3d at 434.

Far from showing a misapplication of the law, the cases that CyWee cites support the Magistrate Judge's discretion to deny discovery where that discovery is not required to resolve a factual dispute necessary to withstand dismissal. *Baker Hughes, Inc. v. Homa*, 2012 WL 1551727, at *12 (S.D. Tex. Apr. 30, 2012) (cited in CyWee brief at 3) (citing Federal Circuit case discussing Ninth Circuit law, but recognizing that discovery could be proper if "pertinent facts bearing on the question of jurisdiction are controverted" or "where a more satisfactory showing of the facts is necessary"); *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (cited in CyWee brief at 2) (a court "has discretion" and "may" permit discovery "to help it resolve the jurisdictional issue"). Indeed, in *Corder v. BBG Commc'ns*—cited in CyWee's brief at 2-3—the court **denied** jurisdictional discovery in part because it was "not clear that the [discovery] would be relevant to the jurisdictional issue." 2012 WL 3843691, at *10-11 (W.D. Tex. July 30, 2012).

Second, the Magistrate Judge properly exercised his broad discretion to deny CyWee jurisdictional discovery, because the facts CyWee sought—about an alleged "conspiracy" related to the "Bachmann reference" in the separate Eastern District of Texas litigation—were not relevant to this case and "would not confer personal jurisdiction over Google." Dkt. 27 at 9. As Google explained in opposing CyWee's discovery request, the PTAB already held Samsung's treatment of Bachmann did not prove party-in-interest status. Dkt. 18 at 6-7; Dkt. 11 at 4-7. And even had Samsung and Google "conspired" regarding Bachmann in the Eastern District of Texas litigation—which did not happen and for which CyWee offers not a shred of evidence—it would be irrelevant to **this** litigation, CyWee's fraud claim, or Google's motion to dismiss, all of which relate exclusively to Google's party-in-interest disclosures litigated in the PTAB. CyWee now admits as much, stating that the discovery it sought was about a supposed conspiracy "***intended to impact the [Eastern District of Texas] Litigation.***" Dkt. 28 at 3. Because no type of discovery

would help CyWee withstand dismissal of this case, the Magistrate Judge correctly denied CyWee's request and committed no clear error contrary to law.  *Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009) (discovery must be "likely to produce the facts needed to withstand dismissal"); *Catalyst*, 2015 WL 1412591, at *8 ("discovery would [not] be relevant or helpful," as "there are no factual disputes jurisdictional discovery would resolve").

## V.    CONCLUSION

CyWee's objections should be overruled.  The Court should adopt the Magistrate Judge's recommendation to dismiss the FAC and end this litigation.

Dated:  September 17, 2020

*/s/ Luann L. Simmons*

Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
Adam M. Kaplan (*Pro Hac Vice*)
akaplan@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile:  415-984-8701

Paige Arnette Amstutz
State Bar No. 00796136
pamstutz@scottdoug.com
**SCOTT DOUGLASS & McCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701-2589
Telephone: (512) 495-6300
Facsimile:  (512) 495-6399 (fax)

*Attorneys for Defendant Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 17, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Luann L. Simmons*
Luann L. Simmons
