# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **CYWEE GROUP LTD.,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL NO. 6:20-CV-000128-ADA-JCM** |
| **v.** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant* | § | |
| | § | |
| | § | |

## ORDER ADOPTING MAGISTRATE REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 27. The report recommends that Defendant's Motion to Dismiss be granted in part and denied in part by this Court**.** The action was referred to the Magistrate Judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Report and Recommendation was filed on August 20, 2020.

A party may file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglas v. United States Auto Ass'n*, 79 F.3d

1415. 1428–29 (5th Cir. 1996) (*en banc*). Plaintiff timely filed Objections to the Report and Recommendation on September 3, 2020. ECF No. 28. In light of Plaintiff's objections, the Court has undertaken a *de novo* review of the case filed in this cause.

## I.    BACKGROUND

Plaintiff CyWee Group Ltd. ("Plaintiff" or "CyWee") filed this action on February 18, 2020 alleging fraud against Defendant Google LLC ("Defendant" or "Google"). Pl.'s First Am. Compl. at 1, ECF No. 4. CyWee is a corporation existing under the laws of the British Virgin Islands with its principal place of business at 3F, No. 28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462. *Id*. CyWee is a technology company with a significant patent portfolio and is a market leader in the areas of motion processing, facial tracking technology, and wireless high definition video delivery. *Id.* The patents involved in this case include U.S. Patent No. 8,441,438 (the "438 patent") and U.S. Patent No. 8,552,978 (The "978 patent") (collectively "CyWee's Patents"). *Id.*

Defendant Google LLC is a Delaware limited liability company and a wholly owned subsidiary of XXVI Holdings Inc., a Delaware corporation that is a wholly owned subsidiary of Alphabet Inc. a Delaware corporation and a publicly traded company. *Id*. at 2. Google's principal place of business is at 1600 Amphitheatre Parkway, Mountain View, California 94043. *Id*.

CyWee pleads that this Court has specific personal jurisdiction over Google because Google committed a tort in whole or in part within the State of Texas. *Id*. at 3. CyWee also avers that the suit arises in part from Google's contacts with the State of Texas which "include, but are not limiting [sic] to: (1) directing its fraudulent misrepresentations to Texas, (2) knowingly and intentionally injecting itself into litigation pending in the State of Texas, and (3)

conspiring with Texas based entities Huawei and ZTE." *Id*. In addition, CyWee pleads that this Court's exercise of jurisdiction over Google does not offend traditional notions of fair play and substantial justice and is consistent with the constitutional due process requirements. *Id*.

CyWee notes that Google maintains a significant business presence in Texas with offices in Austin and avers that litigating in this District does not impose any significant burden on Google. *Id*. CyWee further argues that Texas has a significant interest in protecting against fraud directed to and related to Texas. *Id*.

CyWee notes in its complaint that Google sought to pursue an *inter partes review* ("IPR") proceeding before the United States Patent and Trademark Office ("USPTO") to invalidate CyWee's patents. *Id*. at 13-14. CyWee alleges that LG, ZTE, and other Android device manufacturers formed a joint defense group to invalidate CyWee's Patents. *Id*. at 14. Google denies the existence of the joint defense group with the goal of invalidating CyWee's patents. Def.'s Mot. to Dismiss at 6, ECF No. 11. In response to CyWee's fraud claim, Google argues the common law fraud claim should be dismissed because there is no personal jurisdiction. *Id*. at 1. Google asserts the Court lacks personal jurisdiction because Google is not "at home" in Texas. *Id*. Google also claims the Court lacks specific personal jurisdiction because Texas has no meaningful relationship to CyWee's fraud allegation as the PTAB proceedings occurred outside of Texas. *Id*.

On April 16, 2020, Google filed its Motion to Dismiss. Def.'s Mot. to Dismiss at 1, ECF No. 11. In response, on May 8, 2020, CyWee filed a Motion for Jurisdictional Discovery. Pl.'s Mot. for Jurisdictional Disc. at 1, ECF No. 17. Thereafter, Responses and Replies were filed for both motions. CyWee filed a Motion for Leave to File Sur-Reply on July 14, 2020.

Pl.'s Sur-Reply in Opp'n to Def.'s Mot. to Dismiss at 1, ECF No. 25. Google filed its Response on July 20, 2020. Def.'s Resp. to Pl.'s Mot. for Leave to File Sur-Reply, ECF No. 26.

The Magistrate Judge's Report and Recommendation was filed on August 20, 2020, ECF No.27. CyWee filed its Objections to that Report and Recommendation on September 3, 2020, ECF No. 28. Google filed its Response to CyWee's Objections on September 17, 2020, ECF No. 29. CyWee filed a Motion for Hearing on its Objections to the Magistrate's Report and Recommendation on November 23, 2020, ECF No.31. Google filed its Response on November 24, 2020, ECF No. 32. The Court initially set a hearing for December 8, 2020 but was unable to hold that hearing due to a scheduling conflict, ECF. No. 33. Accordingly, the Court reminded the parties of its liberal view towards venue and jurisdictional discovery and indicated that CyWee could conduct jurisdictional discovery while the Court reviewed Judge Manske's Order and Report and Recommendation. See the Court's December 8, 2020 Email to the Parties.

## II.    LEGAL STANDARD

A party may file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendations in a report bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See *Longoria v. San Benito Independent School District,* 2019 WL 5687512, at * 8 (5th Cir. 2019).

That said, objections that are merely perfunctory responses to the report and seek to rehash the same arguments set forth in the original papers before the magistrate judge do not suffice to invoke *de novo* review. *Phillips v. Reed Group, Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013); U.S. *v. Natividad-Garcia*, 560 F. Supp. 2d 561, 563 (W.D. Tex. 2008) (stating that the district court need not consider frivolous, conclusory, or general objections to a magistrate judge's report). Plaintiff filed Objections to the Report and Recommendation on September 3, 2020. ECF No. 28. The Court questions whether Plaintiff's Objections merit this Court's *de novo review*.  However, out of an abundance of caution, the Court reviews the Magistrate's Report *de novo*.

## III.    ANALYSIS

### A. Plaintiff's Objections are Overruled.

Plaintiff argues that the Magistrate erred in denying CyWee's Motion for Jurisdictional Discover. Pl.'s Obj. at 2-3. Specifically, Plaintiff claims that "the Magistrate Judge incorrectly held CyWee to a higher standard of proof" by requiring CyWee to establish a *prima facie* case where it was only required to make a "preliminary showing." *Id*. As evidence of this error, Plaintiff quotes the following passage from the Magistrate's Report and Recommendation:

> "Given CyWee's inability to establish a ***prima facie case*** for personal jurisdiction, it is unlikely additional discovery information on Google's contacts with Texas would add any 'significant facts,' especially because the theories on  which  CyWee  seeks discovery would not confer personal jurisdiction over Google. Therefore, the Court **ORDERS** CyWee's Motion for Jurisdictional Discovery be **DENIED**."

Pl. Obj. at 3 (quoting R&R at 9).

The Court disagrees with Plaintiff's assessment of the Magistrate's analysis for the following reasons. First, the Magistrate's mere use of the term "prima facie" in the passage produced above does not persuade the Court that the Magistrate in fact held CyWee to some higher "prima facie" standard of proof. As Google notes in its response, the Fifth Circuit has used the same "prima facie" language in affirming denials of jurisdictional discovery when the lower court held "well within its discretion" that the request would not "add any significant facts." *See* Def.'s Resp. to Pl.'s Obj. at 5 n. 4, ECF No. 29 (citing, *e.g.*, *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)).

In fact, it would seem the Magistrate Judge applied precisely the standard Plaintiff now claims it should have applied. In its Objections, CyWee argues that, to be entitled to jurisdictional discovery, "the plaintiff need only make a "**preliminary showing of jurisdiction**,'" which means it "'need only present **factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts**.'" Pl's Obj. at 2-3 (quoting Corder v. BBG Commc'ns, Inc., No. CIV.A. W-11-CA-00264, 2012 WL 3843691, at *10) (emphasis added). In denying Plaintiff's motion, the Magistrate noted, "[a] plaintiff is not entitled to conduct jurisdictional discovery unless he first makes **'a preliminary showing of jurisdiction**'" by presenting "**factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.**" R&R at 6 (citing *Fielding v. Hubert Buda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *Moon v. Sandals Resort*, 2013 WL 12396985, at *7 (W.D. Tex. Dec. 27, 2013); *Bar Grp., LLC v. Business Intelligence Advisors*, 215 F. Supp. 3d 524, 545 (S.D. Tex. 2017)) (emphasis added). The Court is thus admittedly baffled as to Plaintiff's complaint.

Second, assuming *arguendo* that the Magistrate Judge had "incorrectly held CyWee to a higher standard of proof" and applying instead the standard of proof requested by Plaintiff, the Court still finds Plaintiff's Motion was rightly denied. As noted above, CyWee claims it is entitled to jurisdictional discovery if it presents "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." Pl's Obj. at 2-3 (quoting Corder v. BBG Commc'ns, Inc., No. CIV.A. W-11-CA-00264, 2012 WL 3843691, at *10). CyWee has presented nothing of the sort.

On the contrary, CyWee sought facts about an alleged conspiracy related to the "Bachman reference" in litigation pending in the Eastern District of Texas. Pl.'s Mot. for Jurisdictional Disc. at 1, ECF No. 17. Even had CyWee succeeded in finding facts to support these allegations, that discovery would have done nothing to confer jurisdiction here in the Western District of Texas – especially since this litigation relates to Google's party-in-interest disclosures litigated in the PTAB in Virginia. *Id.* Given that the requested discovery would not have helped CyWee withstand dismissal of this case, the Magistrate Judge rightly denied CyWee's request and committed no clear error contrary to law. *Freeman v. U.S.*, 556 F.3d 326, 342 (5th Cir. 2009) (discovery must be "likely to produce the facts needed to withstand dismissal*"); Catalyst*, 2015 WL 1412591, at *8 ("discovery would [not] be relevant or helpful," as "there are no factual disputes jurisdictional discovery would resolve"). Accordingly, CyWee's objections are overruled.

### B.  This Court Does Not Have Jurisdiction Over Google in This Case.

The Magistrate's Report recommended dismissing this action for lack of personal jurisdiction. Plaintiff complains only that this recommendation was premature because Plaintiff had been improperly denied jurisdictional discovery. Pl's Obj. at 4. For the same reasons

articulated above, the Court finds the Magistrate's recommendation was not premature and that this case should be dismissed for lack of personal jurisdiction.

## IV.   CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation of the U.S. Magistrate Judge (ECF No. 27). **IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** (ECF No. 4).

**SIGNED** this 17th day of February 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE